# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 03-300

**NORTH AMERICAN FIRE & CASUALTY CO.**

**VERSUS**

**STATE FARM MUTUAL AUTO INS. CO., ET AL.**

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 64033-A
HONORABLE JOHN LARRY VIDRINE, DISTRICT COURT JUDGE

**********

**ULYSSES GENE THIBODEAUX**
**JUDGE**
**********

Court composed of Ulysses Gene Thibodeaux, Sylvia R. Cooks, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Jackson Burke Bolinger**
**Caffery Plaza, Suite 100**
**4023 Ambassador Caffery Parkway**
**Lafayette, LA 70503**
**Telephone: (337) 988-7240**
**COUNSEL FOR:**
    **Defendant/Appellee - State Farm Mutual Auto Ins. Co.**

**Stephen Robert Barry**
**115 East Main Street**
**Lafayette, LA 70501**
**Telephone: (337) 237-2889**
**COUNSEL FOR:**
    **Defendant/Appellee - Brittany Smith**

**James Paul Doherty**
**Andrus & Doherty**
**117 N. Market St.**
**Opelousas, LA 70570**
**Telephone: (337) 942-5645**
**COUNSEL FOR:**
    **Plaintiff/Appellant - North American Fire & Casualty Co.**

THIBODEAUX, Judge.

North American Fire and Casualty Insurance Company (North American) appeals the judgment of the trial court granting summary judgment in favor of State Farm Automobile Insurance Company (State Farm) and its insured, Brittany M. Smith, who caused property damage as a result of an automobile accident. North American insured the mortgage holder of the uninsured vehicle. The mortgage holder, First Federal Savings & Loan (First Federal), had purchased a policy to protect its interest in the property in the event of property damage. The trial court found that La.R.S. 32:866, the "no pay, no play" statute precluded North American from recovering when the owner/operator of the vehicle involved in the accident did not maintain the minimum amount of automobile liability coverage. For the following reasons, we affirm the judgment of the trial court.

I.

**ISSUE**

The issue in this case is whether North American, as the insurer of the company that holds the mortgage on a vehicle, operated by Jason Peloquin and damaged in an accident through the fault of Smith, is precluded from recovery pursuant to La.R.S. 32:866, the "no pay, no play" statute, where Peloquin failed to maintain the minimum amount of liability insurance.

II.

**FACTS**

There is no question that on December 24, 2001 Peloquin, the owner of a 1995 Pontiac Firebird, collided with a vehicle operated by Smith. It is also admitted that Peloquin did not have the required liability insurance or property damage

insurance on his vehicle. Smith was covered by a policy of insurance issued by State Farm. The Peloquin vehicle was damaged in the amount of $6,300.00. First Federal financed the purchase of the Peloquin vehicle under a loan agreement in the amount of $9,708.00. As part of the financing package, First Federal required a "Vendor's Single Interest Insurance Policy." North American underwrote that policy. The policy provided that Peloquin was the borrower of the funds and that First Federal was Peloquin's creditor and North American's insured. It also provided for the description of the vehicle, the amount financed as well as the amount of the premium.

After the accident, State Farm, Smith's insurer, refused to pay Peloquin any damage amount on behalf of Peloquin because he failed to maintain the mandatory minimum liability coverage on his vehicle. Louisiana Revised Statutes 32:866 states that a person who does not maintain the mandatory liability coverage could not recover the first $10,000.00 in damages. In the present case, the damages were less than $10,000.00; thus, there was no recovery.

Because Peloquin could not recover damages from the tortfeasor, First Federal made a claim against North American under its Vendor's Single Interest Insurance Policy for the damages of $6,300.00. In connection with First Federal's claim against it, North American paid the damages. Thereafter, North American filed a suit against Smith and State Farm to recover the $6,300.00 it paid to First Federal. Smith and State Farm denied North American's entitlement to recover any sums it paid to First Federal. Smith and State Farm filed a motion for summary judgment alleging that North American stood in the shoes of Peloquin and is bound by the provisions of La.R.S. 32:866 and therefore should not be allowed to recover the first $10,000.00 in damages the Peloquin vehicle sustained from the accident caused by Smith.

2

Finding that North American was a subrogee of Peloquin, the trial court granted State Farm and Smith's motion for summary judgment and dismissed North American's claims because Peloquin had not complied with the provisions of La.R.S. 32:866.

III.

## LAW AND DISCUSSION

### *Summary Judgment*

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact in dispute. *Sanders v. Ashland Oil, Inc.*, 96-1751 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, *writ denied*, 97-1911 (La. 10/31/97), 703 So.2d 29. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966 B. Summary judgment is favored and "is designed to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966 C(2).

The burden of proof on a motion for summary judgment is set forth in La.Code Civ.P. art. 966 C(2):

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

3

Initially, the burden of going forward remains with the moving party and is not shifted to the non-moving party until the moving party has properly supported the motion. Only then must the non-moving party "submit evidence showing the existence of specific facts establishing a genuine issue of material fact." *See Scott v. McDaniel,* 96-1509, p. 5 (La.App. 1 Cir. 5/9/97), 694 So.2d 1189, 1191-92, *writ denied,* 97-1551 (La. 9/26/97), 701 So.2d 991. Failure by the non-moving party to submit such evidence negates the existence of material facts at issue and summary judgment should be granted. La.Code Civ.P. arts 966 and 967.

In determining whether summary judgment is appropriate in a case on appeal, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Succession of Granger v. Worthington,* 02-433 (La.App. 3 Cir. 10/30/03), 829 So.2d 1108. It is the applicable substantive law that determines materiality of a fact; thus, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. *Rener v. State Farm Mut. Auto Ins. Co.,* 99-1703, (La.App. 3 Cir. 4/5/00), 759 So.2d 214.

***Louisiana Revised Statutes 32:866 ("No pay, no play")/La.Civ.Code art. 2315****:*

Throughout this litigation, State Farm has maintained that pursuant to La.R.S. 32:866, plaintiff, North American, as insurer of First Federal, the company that held the mortgage on Peloquin's car, is not entitled to recovery because Peloquin failed to maintain the minimum amount of insurance. State Farm and Smith contend that the only cause of action North American has against them are the rights that Peloquin has against them. Louisiana Revised Statutes 32:866 provides in pertinent part:

> A. (1) There shall be no recovery for the first ten thousand dollars of bodily injury and no recovery for the first ten thousand dollars of property damage based on *any* cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security.

(Emphasis added).

Peloquin has no cause of action against State Farm and Smith because he failed to maintain the proper insurance coverage on his vehicle. Thus, North American has no cause of action against Smith and State Farm.

North American, on the other hand, argues that it is not asserting Peloquin's rights against State Farm and Smith, but the rights that First Federal had against Smith as the tortfeasor and State Farm as her insurer. It is clear that North American maintains that First Federal has a separate and distinct cause of action against Smith and her insurer, State Farm, from the cause of action that Peloquin may have had against Smith, who caused the damages in this action. North American asserts two bases of its subrogation to First Federal's rights against State Farm and Smith. First, it maintains that its cause of action against State Farm and Smith results from its policy of insurance with First Federal by conventional subrogation. Second, North American contends that its claims of subrogation to the rights of First Federal are also based on La.Civ.Code art. 2315, the Civil Code Article that obliges every man whose fault causes damage to another to repair that damage. We disagree with North American's contentions.

There is no dispute in this case with respect to the facts of this case and the fault of the respective parties involved in the accident. North American's claim that it is subrogated to First Federal's rights because it issued a policy of insurance to First Federal and paid First Federal's claim does not abrogate North American's

5

need to prove the rights that First Federal had against State Farm and the tortfeasor. There is no question that First Federal was damaged in that it lost the value of the collateral that supported the loan it made to Peloquin to purchase the car. However, there is no evidence that there was a contract between State Farm, Smith or Peloquin, giving First Federal any rights to recover from a tortfeasor who damaged the vehicle if Peloquin was not at fault and failed to maintain the compulsory liability insurance. In fact, that is the reason First Federal sought its own protection from such a case by procuring insurance from North American.

North American relies on La.Civ.Code art. 2315 to argue that the Article somehow gives First Federal a right to make a claim against State Farm and Smith because Smith's fault caused damage to its property. This reliance is misplaced. To recover against a defendant in a negligence action under La.Civ.Code art. 2315, the duty/risk analysis compels the plaintiff to prove (1) duty; (2) breach of duty; (3) cause-in-fact; (4) scope of liability or scope of protection; and, (5) damages. *Bullara v. Checker's Drive-In Restaurant, Inc.*, 98-1331 (La.App. 3 Cir. 3/3/99), 736 So.2d 936. From our reading of the record, we are unable to discern any evidence or policy considerations put forth by North American that show State Farm or Smith had a duty to protect First Federal from the possibility that the person to whom it lent money to purchase a vehicle, would fail to maintain the proper liability insurance on that vehicle, thereby precluding the recovery of the first $10,000.00 in property damage. Therefore, even if we were to conclude that North American is subrogated to the rights of First Federal, we find that First Federal had no rights against State Farm and Smith to which North American could be subrogated.

6

IV.

## CONCLUSION

For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the plaintiff-appellant, North American Fire and Casualty Insurance Company.

**AFFIRMED**.