JjMOON LANDRIEU, Judge Pro Tempore.
In this case involving a vehicular accident with property damage to a financed car, Allstate Insurance Company (“Allstate”) appeals a January 22, 2003 judgment that denied its motion for summary judgment, and granted the plaintiff, Merit-Plan Insurance Company (“MeritPlan”)’s motion for summary judgment. The judgment, against Allstate, awarded $8,782.08 to MeritPlan for property damages. We reverse and render.

Facts

On January 14, 1999, Gilda Barze entered into a secured loan with Fidelity Financial Services of Louisiana, Inc. (“Fidelity”), now Wells Fargo Financial Acceptance, to finance the purchase of an automobile. Pursuant to Ms. Barze’s note and security agreement, Fidelity acquired a security interest in the vehicle. The security agreement required Ms. Barze to purchase and maintain physical damage coverage on the vehicle in compliance with Louisiana law; however, Ms. Barze did not maintain the insurance coverage.
To protect its collateral if Ms. Barze failed to insure the vehicle, Fidelity purchased a collateral protection insurance policy from MeritPlan that named | ^Fidelity as the insured. Ms. Barze was not an insured party under the MeritPlan policy.
On December 19, 1999, Ms. Barze was involved in an accident in which her vehicle was damaged. It is undisputed that the collision was caused by the other driver, Erica Hughes, who was driving a van owned by Anthony DeSalvo. Driving with *463 Mr. DeSalvo’s permission, Ms. Hughes ran a red light and struck Ms. Barze’s car. Mr. DeSalvo’s vehicle was insured by Allstate, which provided coverage for the physical damage to Ms. Barze’s vehicle.

Procedural History

MeritPlan filed a petition for declaratory judgment against Allstate and DeSalvo. Allstate answered, pleading an affirmative defense under the “no pay, no play” provision of the 1997 Omnibus Premium Reduction Act, La. R.S. 32:866(A), claiming that the statute barred MeritPlan’s claim for damages, which did not exceed $10,000. Allstate did not respond to MeritPlan’s two demands.
MeritPlan filed a motion for summary judgment and declaratory relief, and Allstate filed a cross motion for summary judgment. After a hearing, the trial court ruled in favor of MeritPlan, holding that La. R.S. 32:866 does not apply to a third-party secured creditor. In granting Mer-itPlan’s motion for summary judgment, the trial court held that Allstate is liable to MeritPlan for the full amount of $8,782.08 that MeritPlan paid to Fidelity for the damage to its collateral. The trial court denied MeritPlan’s request for attorney’s fees but allocated to Allstate costs in the amount of $325 and legal interest from the date of judicial demand until paid. Allstate’s appeal followed.

Standard of Review

Appellate courts review summary judgment de novo, using the same criteria 13utilized by the trial courts to determine whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. Two Feathers Enterprises v. First Nat. Bank of Commerce, 98-0465, p. 3 (La.App. 4 Cir. 10/14/98), 720 So.2d 398, 400. The summary judgment procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2). Pursuant to La. C.C.P. art. 966, the initial burden of proof remains on the mover to show that no genuine issue of material fact exists.
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. However, if the movant will not bear the burden of proof at trial on the matter that is before the court, the movant’s burden does not require him to negate all essential elements of the adverse party’s claim. Rather, he need only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966 C(2).
After the mover has met its initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. La. C.C.P. art. 966(C)(2). When a motion for summary judgment is properly supported, the non-moving party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing [ 4that there is a genuine issue of material fact for trial. La. C.C.P. art. 967; Melancon v. D & M Enterprises, 95-0644 (La.App. 4 Cir. 9/28/95), 662 So.2d 54, 56-57. If the non-moving party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. C.C.P. art. 966; Schwarz v. Administrators of Tulane Educational *464 Fund, 97-0222, p. 4 (La.App. 4 Cir. 9/10/97), 699 So.2d 895, 897.

Issue

At issue in the present case is whether, under La. R.S. 32:866, MeritPlan may recover from Allstate for property damage to Ms. Barze’s vehicle where Ms. Barze failed to obtain insurance. La. R.S. 32:866 provides in pertinent part:
A.(l) There shall be no recovery for the first ten thousand dollars of bodily injury and no recovery for the first ten thousand dollars of property damage based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security. (Emphasis added.)
[[Image here]]
F. (1) Notwithstanding any provision of law to the contrary, no insurer shall lose any rights of subrogation for claims paid under the applicable insurance policy for the recovery of any sum in excess of the first ten thousand dollars of bodily injury and the first ten thousand dollars of property damages. (Emphasis added.)
The interpretation of a statute is a question of law, which may be decided by summary judgment. A.K. Dumin Chrysler-Plymouth, Inc. v. Jones, 2001-0810, p. 3 (La.App. 1 Cir. 5/10/02), 818 So.2d 867, 869.
IsThe language of the statute bars recovery of the first $10,000 of property damage “occasioned by an owner” of an uninsured vehicle based on “any cause or right of action arising out of a motor vehicle accident.”
In the present case, Allstate contends that the trial court erred in holding that MeritPlan’s action was not barred by the statute because of MeritPlan’s status as a subrogee of a third-party secured creditor.
Allstate argues that MeritPlan is barred from recovery under La. R.S. 32:866(A). Allstate maintains that secured creditors can require the owner of the vehicle to show proof of insurance before approving and completing the financing. Fidelity’s loan agreement with Ms. Barze requires Ms. Barze to maintain property damage insurance on the car. Allstate asserts that as the subrogated insurer of Fidelity, Mer-itPlan may have a cause of action against the owner, Ms. Barze, for breach of the terms of Fidelity’s contract, which required Ms. Barze to maintain insurance, as well as in tort for compromising Fidelity’s security interest. In contrast, Allstate avers that insurers such as Allstate have no means to protect themselves from this loss.
MeritPlan contends that the “no pay, no play” statute does not bar recovery by a secured creditor for property damage to the collateral, ie., the vehicle uninsured by the owner. MeritPlan argues that Fidelity acquired a security interest in the vehicle; however, Ms. Barze was the sole title holder, and Fidelity had no ownership interest in the vehicle.
Allstate notes that Fidelity purchased a collateral protection insurance policy from MeritPlan, naming Fidelity as the insured. Ms. Barze was not an insured party under the MeritPlan policy, and her ownership interest in the vehicle was not covered by the policy.
1 i/MeritPlan claims that the damage was occasioned or suffered by Fidelity as a secured creditor that had no obligation to purchase or maintain liability insurance on the vehicle. MeritPlan asserts that neither Fidelity nor its subrogated insurer *465 was an owner or operator of the damaged vehicle, who failed to obtain compulsory motor vehicle liability insurance.
Allstate maintains that the express exemption provided in La. R.S. 32:866(E)[1] for passengers who sustain personal injuries while traveling in uninsured vehicles shows that the legislature intended for this to be the only exemption for the statutory limitation on the recovery of damages. However, MeritPlan avers that the fact that the legislature did not expressly exclude secured creditors like Fidelity, does not mean that the legislature intended to include these parties in the “no pay, no play” rule.
MeritPlan notes that statutes are to be given the effect which makes the least rather than the most change in the existing body of law. Touchard v. Williams, 617 So.2d 885, 892 (La.1993); Monteville v. Terrebonne Parish Consol. Government, 567 So.2d 1097, 1100 (La. 1990). Statutes in derogation of a common or natural right are to be strictly construed and must not be extended beyond their obvious meaning. Touchard, supra. MeritPlan asserts that the term “owner” should be strictly construed.
| ./Allstate contends that the term “owner” was broadly construed in Lewis v. Miller, 02-0667, pp. 4-5 (La.App. 4 Cir. 8/21/02), 826 So.2d 628, 631-32. In that case, the spouse of the vehicle’s title holder was an “owner” who was required to maintain automobile liability coverage. The “no pay, no play” statute limited Mrs. Lewis’s recovery of damages for her personal injuries sustained while using a community-owned uninsured vehicle. It is reasonable to determine that a driver/wife of the owner of a community-property vehicle should be considered as an owner of that vehicle.
Allstate refers to North American Fire & Cas. Co. v. State Farm, Mut. Auto Ins. Co., 03-300, pp. 3-4 (La.App. 3 Cir. 10/1/03), 856 So.2d 1233, 1236-37. In that case, the Third Circuit held that there was no evidence that there was a contract with the tortfeasor, her insurer, or the uninsured driver, giving the creditor the right to recover from a tortfeasor who damaged the vehicle if the uninsured driver was not a fault and failed to maintain compulsory liability insurance. The Third Circuit emphasized that this was the very reason that the secured creditor sought protection from such a case by obtaining its own insurance.
In the present case, Fidelity obtained insurance from MeritPlan for just such a situation. In fact, the reason for MeritPlan’s policy with Fidelity was to pay its insured in case the owner, Ms. Barze, who, although not at fault for the accident, did not insure the vehicle.
This Court follows the Third Circuit’s holding in North American Fire & Cas Co., that the creditor’s insurer does not have a separate cause of action against the tortfeasor. MeritPlan has no claim for recovery against the tortfeasor’s insurer, Allstate. The secured creditor has no cause of action against the tortfeasor and/or | sher insurer, and therefore, Merit-Plan, as subrogee of the creditor’s rights, has no such cause of action.
*466 Accordingly, the trial court’s ruling is reversed, MeritPlan’s motion for summary judgment is denied, Allstate’s motion for summary judgment is granted, and Merit-Plan’s action against Allstate is dismissed.

REVERSED & RENDERED.

. La.R.S. 32:866(E) provides:
E. Nothing in this Section shall preclude a passenger in a vehicle from asserting a claim to recover damages for injury, death, or loss which he occasioned, in whole or in part, by the negligence of another person arising out of the operation or use of a motor vehicle. This Subsection shall not apply to a passenger who is also the owner of the uninsured motor vehicle involved in the accident.