DREW, J.
hTwin City Acceptance Corporation financed a Chevrolet Impala owned by Virgil Reed. The lien was for less than $10,000. Allstate Insurance Company provided coverage to Reed that was to be effective from November 11, 2006, through May 11, 2007, and Twin City was listed as the lienholder on the policy. Allstate can-celled the policy on January 11, 2007, after Reed’s first check for partial payment of the premium was returned because of insufficient funds, and he made no other payments. On January 16, 2007, the vehicle was involved in an accident with a Mercedes automobile driven by Brock Hummel.
Twin City filed suit against Allstate claiming that it had not received notice of cancellation, and if it had, it would have placed Single Interest Coverage on the vehicle. Allstate filed an answer to the suit, as well as a third-party demand against Brock Hummel and his liability insurer, Unitrin Auto and Home Insurance Company. Allstate alleged that the accident was caused by Hummel.
Allstate contended in its third-party demand that it had mailed notice of cancellation to both Reed and Twin City on December 22, 2006, with the cancellation effective on January 11, 2007. They further contended that, in the alternative, if Twin City is entitled to judgment against Allstate on the main demand, then, via subrogation, Allstate is entitled to indemnification from Hummel and Unitrin.
Hummel and Unitrin responded by filing the exceptions of prematurity and no cause of action. They argued that the third-party demand was premature because Allstate and Unitrin were bound by an 1 ^arbitration agreement, and Allstate had not first submitted its claim to arbitration. They further argued that because the policy issued to Reed had been cancelled by nonpayment, and the lien was for less than $10,000, Allstate was barred by the “No Pay, No Play” statute, La. R.S. 32:866, from seeking to recover the amount it may be obligated to pay to Twin City.
The trial court granted the exception of no cause of action and dismissed the third-party demand. Allstate appeals.
DISCUSSION
A peremptory exception of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. Birdsong v. Hirsch Memorial Coliseum, 42,316 (La.App. 2d Cir.8/22/07), 963 So.2d 1095. Appellate courts conduct a de novo review of a district court’s ruling sustaining an exception of no cause of action. Id.
*854 The issue before this court is whether the application of La. R.S. 32:866 precludes Allstate’s third-party demand even in the event that notice of cancellation was ineffective as to Twin City as the lienholder. That statute provides, in relevant parts:
A. (1) There shall be no recovery for the first ten thousand dollars of bodily injury and no recovery for the first ten thousand dollars of property damage based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security.
F. (1) Notwithstanding any provision of law to the contrary, no insurer shall lose any rights of subrogation for claims paid under the applicable insurance policy for the recovery of any | asum in excess of the first ten thousand dollars of bodily injury and the first ten thousand dollars of property damages.
For guidance, we turn to how the Third Circuit resolved a similar issue involving a creditor’s insurer in North American Fire & Cas. Co. v. State Farm Mut. Auto Ins. Co., 03-300 (La.App. 3rd Cir.10/01/03), 856 So.2d 1233, writ denied, 2003-3334 (La.2/13/04), 867 So.2d 694.
In North American, supra, State Farm was the insurer of Smith, who was at fault for an auto accident which caused $6,300 in damage to a vehicle owned by Peloquin. Although Peloquin had not maintained liability insurance on his vehicle, North American insured First Federal Savings & Loan, the mortgage holder of Peloquin’s vehicle.[1] North American paid First Federal’s damages claim, then sued State Farm and Smith to recover the amount it paid. Citing La. R.S. 32:866, State Farm and Smith filed a motion for summary judgment, which was granted. The Third Circuit affirmed, concluding that North American had no cause of action to assert the rights of Peloquin against State Farm and Smith because Peloquin had no cause of action of his own against them as a result of his failure to maintain the required minimum insurance coverage. The appellate court further rejected North American’s argument that it was not asserting Peloquin’s rights, but was subro-gated to First Federal’s rights against State Farm and Smith on the basis of either conventional subrogation or La. C.C. art. 2315. The appellate court noted that even if it were to conclude that North American was subrogated to First Federal’s rights, First Federal had |4no rights against State Farm and Smith to which North American could be subrogated. See also, MeritPlan Ins. Co. v. Desalvo, 2003-1493 (La.App. 4th Cir.3/24/04), 871 So.2d 461, writ denied, 2004-1009 (La.6/25/04), 876 So.2d 834.
Twin City was not an insured under the Allstate policy. It was merely a lienholder on Reed’s vehicle, and in that capacity it was listed on Allstate’s policy. Following the reasoning set forth in North American, supra, we conclude that Twin City had no rights against Hummell and Unit-rin to which Allstate could be subrogated.
No party disputes Allstate’s contention that the notice of cancellation was effective as to Reed. In asserting the third-party demand, Allstate is merely stepping into the shoes of Reed, whose cause of action is barred by La. R.S. *855 32:866.[2] Allstate cannot have any rights greater than that of the insured. Accordingly, the trial court did not err in sustaining the exception of no cause of action and dismissing Allstate’s third-party demand.
DECREE
At Allstate’s costs, the judgment is AFFIRMED.

. The mortgage holder had purchased a Vendor’s Single Interest insurance policy to protect its interest in the vehicle in the event of property damage.

. Allstate contends that if it had received notice of cancellation, then it would have acquired Single Interest Coverage on the vehicle.