WHIPPLE, J.
12This matter is before us on appeal by the Louisiana Workers’ Compensation Corporation (“LWCC”) from a judgment of the trial court granting summary judgment in favor of Louisiana Farm Bureau Mutual Insurance Company (“Farm Bureau”). For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On July 28, 2009, Russell F. Huertas, an employee of Support Systems, Inc. (“Support Systems”), who was driving a 1994 GMC Sierra, was stopped at the intersection of Aviation Road and Louisiana Highway 24, traveling north on Louisiana Highway 24 in Terrebonne Parish, Louisiana, preparing to make a left turn. At the same time and place, Devin Landry, who was driving a GMC Sierra truck, owned by Atlay Stelly, struck a Toyota Tundra truck operated by Rodger Shelton that was immediately behind the Huertas vehicle, causing a double rear-end collision and injuries to Huertas. As a result of Huer-tas’ injuries, which were sustained in the course and scope of his employment, LWCC, the workers’ compensation insurer for Huertas’ employer, Support Systems, commenced payment of workers’ compensation benefits after the accident to or on behalf of Huertas pursuant to the terms and provisions of its policy coverage.
On July 15, 2010, LWCC filed a petition for damages naming Devin Landry, Atlay Stelly, Rodger D. Shelton, and Farm Bureau, the liability insurer of Landry, as defendants. LWCC contended that the accident and injuries sustained by Fluertas were caused by the negligence, fault, misconduct and want of care of defendants, Devin Landry, Atlay Stelly, Rodger D. Shelton. Accordingly, LWCC contended that defendants were liable jointly, severally, and in solido for all workers’ compensation benefits paid and/or to be paid to Huertas under his |semployer’s workers’ *1020 compensation policy plus any applicable attorney’s fees and costs pursuant to LSA-R.S. 23:11o!.[1]
Farm Bureau answered the suit, averring that the vehicle driven by Huertas was uninsured at the time of the accident and that based on the omnibus premium reduction act, LSA-R.S. 32:866, also known as the “no pay-no play” statute, Farm Bureau was entitled to a credit of $10,000.00 against any claim made by LWCC herein.
On April 5, 2011, Farm Bureau filed a motion for summary judgment, seeking a judgment declaring that LWCC was bound by LSA-R.S. 32:866, and was thereby precluded from recovery, of the first $10,000.00 of bodily injury damages of any potential judgment rendered against Farm Bureau as Huertas had failed to maintain compulsory motor vehicle liability security at the time of the accident. Specifically, Farm Bureau contended that LWCC could only acquire those rights afforded Huer-tas, therefore precluding LWCC from recovery of the first $10,000.00, just as Huer-tas would be bound from recovering the first $10,000.00.
The matter was heard before the trial court on June 10, 2011. At the conclusion of the hearing, the trial court granted Farm Bureau’s motion for summary judgment finding that the “no pay-no play” $10,000.00 statutory exclusion set forth in LSA-R.S. 32:866 was applicable in Farm Bureau’s favor to any judgment ultimately rendered in this case. A written judgment was signed by the trial court on June 21, 2011.
4LWCC appeals from the judgment of the trial court granting summary judgment in favor of Farm Bureau, assigning the following as error:[2]
1. The trial court failed to recognize the purpose and intent of the Omnibus Premium Reduction Act and workers compensation laws. [Louisiana Revised Statute] 32:866 (“no pay-no play”) defense cannot be asserted against anyone other than the owner or the operator of an uninsured vehicle. The court erred in allowing Farm Bureau to use the “no pay-no play” affirmative defense against LWCC.
2. The trial court erred in holding that LWCC was standing in the shoes of the injured employee, Mr. Russell Huertas. As a consequence, the court erroneously applied the “no pay-no play” penalty against LWCC who was exercising its independent right of action against a negligent tortfeasor.
3. The trial court erred in its analysis of the “no pay-no play” statute with “comparative negligence”. As a consequence, the court failed to recognize a genuine issue of material fact in dispute.
SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751 (La.App. 1st Cir.6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with *1021 affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). Summary judgment is favored and “is designed to secure the just, speedy, and inexpensive determination of every action.” LSA-C.C.P. art. 966(A)(2).
The burden of proof on a motion for summary judgment remains with the mov-ant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the 15movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2).
The initial burden of proof remains with the mover and it is not shifted to the non-moving party until the mover has properly supported the motion and carried the initial burden of proof. Only then must the non-moving party submit evidence showing the existence of specific facts establishing a genuine issue of material fact. See Scott v. McDaniel, 96-1509 (La.App. 1st Cir.5/9/97), 694 So.2d 1189,1191-1192, writ denied, 97-1551 (La.9/26/97), 701 So.2d 991. If the non-moving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. LSA-C.C.P. arts. 966 and 967.
In determining whether summary judgment is appropriate, appellate courts review summary judgment de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Sanders v. Ashland Oil, Inc., 696 So.2d at 1035. Furthermore, an appellate court asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Guardia v. Lakeview Regional Medical Center, 2008-1369 (La.App. 1st Cir.5/8/09), 13 So.3d 625, 627. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Board of Supervisors of Louisiana State University v. Louisiana Agricultural Finance Authority, 2007-0107 (La.App. 1st Cir.2/8/08), 984 So.2d 72, 80.
The interpretation of a statute is a question of law that may be decided by summary judgment. Gardner v. State, Department of Education, 2002-0643 (La.App. 1st Cir.3/28/03), 844 So.2d 311, 313, writ denied, 2003-1183 (La.6/27/03), 847 So.2d 1280. When addressing legal issues, the appellate court gives no special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law de novo, after which it renders judgment on the record. Campbell v. Markel American Insurance Company, 2000-1448 (La.App. 1st Cir.9/21/01), 822 So.2d 617, 620, writ denied, 2001-2813 (La.1/4/02), 805 So.2d 204.
DISCUSSION
At the time of the underlying accident, and prior to amendment by Acts 2008, No. 921, § 1, eff. Jan. 1, 2010, Louisiana’s compulsory motor vehicle insurance law, codified as LSA-R.S. 32:866 and otherwise commonly known as the “no pay-no play” statute, provided in pertinent part, as follows:
*1022 A. (1) There should be no recovery for the first ten thousand dollars of bodily injury and no recovery for the first ten thousand dollars of property damage based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security.
(2) For purposes of this Section, the meaning of “bodily injury” and “property damage” is governed by the applicable motor vehicle liability insurance policy or, in the event of security other than an insurance policy, the meaning of such terms is that which is commonly ascribed thereto.
[[Image here]]
B. Each person who is involved in an accident in which the other motor vehicle was not covered by compulsory motor vehicle liability security and who is found to be liable for damages to the owner or operator of the other motor vehicle may assert as an |7affirmative defense the limitation of recovery provisions of Subsection A of this Section.
C. If the owner of a motor vehicle, who fails to own or maintain compulsory motor vehicle liability security, institutes an action to recover damages in any amount, regardless of whether such owner or operator is at fault, and is awarded an amount equal to or less than the minimum amount of compulsory motor vehicle liability security, then such owner or operator shall be assessed and held liable for all court costs incurred by all parties to the action.
[[Image here]]
F. (1) Notwithstanding any provision of law to the contrary, no insurer shall lose any rights of subrogation for claims paid under the applicable insurance policy for the recovery of any sum in excess of the first ten thousand dollars of bodily injury and the first ten thousand dollars of property damages.
(2) In claims where no suit is filed, the claimant’s insurer shall have all rights to recover any amount paid by the claimant’s insurer on behalf of the insured for the recovery of any sum in excess of the first ten thousand dollars of bodily injury and the first ten thousand dollars of property damages.
The Louisiana Supreme Court succinctly interpreted the general purpose of the statute in Progressive Security Insurance Company v. Foster, 97-2985 (La.4/23/98), 711 So.2d 675, 679, stating, “if a motorist fails to pay for liability coverage to protect others, he cannot ‘play’ in the legal system, at least to the collection of his first $10,000 [in] damages.”
In deciding the issue before us, we begin with the premise that legislation is the solemn expression of legislative will and, therefore, the interpretation of a law involves, primarily, the search for the legislative intent. See LSA-C.C. arts. 1, 2. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of legislative intent. LSA-C.C. art. 9; LSA-R.S. 1:4, Ascension School Employees Credit Union v. Provost, Salter, Harper & Alford, L.L.C., 2004-1227 (La.App. 1st Cir.6/10/05), 916 So.2d 252, 258. The words of a law must be given their generally prevailing meaning. LSA-C.C. art. 11. When |sthe words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. LSA-C.C. art. 12. Importantly herein, it is a well-recognized and long-established rule of statutory construction that statutory provisions should be construed along with the remainder of the *1023 statute. Pepper v. Triplet, 2003-0619 (La.1/21/04), 864 So.2d 181, 193. Further, courts are required to give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided. Pepper v. Triplet, 864 So.2d at 194. Rendering the whole, or a part, of a law meaningless is the last option available to a court when it interprets a law. Ascension School Employees Credit Union v. Provost, Salter, Harper & Alford, L.L.C., 916 So.2d at 258.
ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
In its first assignment of error on appeal, LWCC contends that the affirmative defense set forth in LSA-R.S. 32:866, ie., “no pay-no play,” cannot be asserted against anyone other than the owner or the operator of an uninsured vehicle, and that the trial court thus erred in allowing Farm Bureau to assert the “no pay-no play” affirmative defense against LWCC. In its second assignment of error, LWCC contends that the trial court erred in holding that LWCC was standing in the shoes of the injured employee, Huertas, and erroneously applied the “no pay-no play” penalty against LWCC, when LWCC contends that it was exercising its independent right of action against a negligent tortfeasor. For ease of discussion, we address these assignments together.
LWCC’s petition for damages seeking reimbursement from the defendants for workers’ compensation benefits paid to Huertas as a result of the accident was filed pursuant to LSA-R.S. 23:1101, which provides in pertinent part:
B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit in district court against such third person to recover any amount 19which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person, and where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the person who has paid compensation or has become obligated to pay compensation shall be reduced by the same percentage. The amount of any credit due the employer may be set in the judgment of the district court if agreed to by the parties; otherwise, it will be determined pursuant to the provisions of R.S. 23:1102(A). [Emphasis added.]
In Marquette Casualty Company v. Brown, 103 So.2d 269, 271, 235 La. 245, 249-250 (La.1958), the Supreme Court interpreted the workers’ compensation insurer’s right of action against a third party tortfeasor under LSA-R.S. 23:1101, 23:1102, and 23:1103, as follows:
Considering the provisions of R.S. 23:1101, 1102 and 1103 together, it seems plain that there is but one cause of action recognized for the recovery of damages resulting from a single tort. However, the right of redress against the tortfeasor has been extended by the provisions to the injured workman’s employer, who is accorded a preferential right to recover, out of the judgment for damages which may be assessed against the tortfeasor, the amount of compensation he has paid or become obligated to pay to the injured employee. This right [of reimbursement] is, of course, conditioned upon the basic right of the employee to recover damages and, according to R.S. 23:1103, if the damages awarded are for an amount less than the total compensation paid, the employer’s recovery is accordingly limited to that amount. Thus, though the compensation paying employer is giv *1024 en the preferential right to reimbursement out of the judgment, recovery is necessarily restricted to the amount for which the tortfeasor is liable to the injured employee for the consequences of his wrongful act. [Footnote omitted, emphasis added.]
With reference to LWCC’s argument that the affirmative defense set forth in LSA-R.S. 32:866 can only be asserted as a defense against a claim by the owner or operator of the uninsured vehicle, we note that pursuant to LSA-R.S. 32:866(F), an insurer, here LWCC, seeking recovery of claims paid, is subjected to the provisions of LSA-R.S. 32:866. Indeed, the statute specifically provides that “no insurer shall lose any rights of subrogation for claims paid under the applicable insurance policy for the recovery of any sum in excess of 1 inthe first ten thousand dollars of bodily injury and the first ten thousand dollars of property damages.” LSA-R.S. 32:866(F)(1). Thus, reading the provisions of the statute as a whole, we reject the argument by LWCC that the affirmative defense set forth in LSA-R.S. 32:866 can only be asserted against claims by the owner or operator of the uninsured vehicle.
We also note that in Progressive Security Insurance Company v. Foster, 711 So.2d at 685, the Louisiana Supreme Court held that to the extent that LSA-R.S. 32:866 bars an uninsured’s right of recovery of the first $10,000.00, there is no right of subrogation for the first $10,000.00 since no obligation to pay exists. While recognizing that the Supreme Court has applied the statute to limit the amount of recovery for subrogation rights, LWCC argues that a worker’s compensation insurer’s claim for reimbursement is not subject to such limitations under LSA-R.S. 32:866 in that LWCC is not an “insured,” and is not asserting a claim based on subrogation. In response, Farm Bureau candidly admits that it is not an “insured” and that it is not asserting a conventional subrogation claim. Farm Bureau notes however, relying on Marquette Casualty Company v. Brown, 103 So.2d at 271, 235 La. at 250, that a workers’ compensation insurer’s rights are nonetheless “conditioned upon the basic right of the employee to recover damages.” We agree.
Thus, considering the plain wording of LSA-R.S. 23:1101 and LSA-R.S. 32:866 and the above jurisprudence, we agree that LWCC’s recovery is limited to the amount for which the alleged tortfeasor, Landry, and his insurer, Farm Bureau, are liable to the injured employee, Huertas.
On de novo review, we find that LWCC is entitled to receive reimbursement from a third party for benefits paid to the injured employee, in an amount equal to the amount recoverable by the employee or his dependents against the third party. As such, since Huertas cannot recover the first $10,000.00_J_n against Farm Bureau, due to his failure to procure liability insurance on his vehicle, LWCC is likewise unable to recover the first $10,000.00 from Farm Bureau.[3]
*1025 In support of its arguments on appeal, LWCC contends in brief that “[a] ruling in favor of LWCC will reconcile the discrepancy between [LSA-R.S. 32:866] and workers’ compensation laws and advance both of their goals simultaneously.” Considering the principles of statutory construction set forth above, we find that to be the job of the legislature and not of this court.
Moreover, as pointed out by Farm Bureau in brief, workers’ compensation insurers, such as LWCC, contract with the employers and have the right and opportunity to make sure that their beneficiaries, like Huertas, comply with the law and maintain compulsory liability security. Accordingly, Farm Bureau contends that this situation could have been avoided if LWCC simply required that its insureds, in this case Support Systems, either provide compulsory liability security in favor of its employees during the course and scope of their employment, or verify that its employees maintain personal automobile liability insurance on their personal vehicles while operating them in the course and scope of employment.
We find no merit to these assignments of error.
ASSIGNMENT OF ERROR NUMBER THREE
In its final assignment of error, LWCC contends that the trial court “manifestly erred” when it made an analogy of the “no pay-no play” statute with 1 ^“comparative negligence” at the hearing of this matter. As a consequence, LWCC contends that the court failed to recognize a genuine issue of material fact in dispute.
Summary judgments are reviewed de novo by the appellate court. When interpreting a statute and reviewing questions of law, the appellate court gives no special weight to the findings of the trial court. See Gardner v. State, Department of Education, 844 So.2d at 313. Thus, to the extent that LWCC contends that the trial court “manifestly erred” in its analogy, we note that this court conducts a de novo review of the record to determine whether summary judgment was appropriately granted and render judgment accordingly. In doing so, we are not charged with the task of conducting a manifest error review of the oral findings or observations of the trial court.
As such, we likewise find no merit to this assignment of error.
CONCLUSION
For the above and foregoing reasons, the June 21, 2011 judgment of the trial court, granting summary judgment in favor of Farm Bureau and ordering that LWCC is precluded from recovering the first $10,000.00 of any judgment rendered against Farm Bureau pursuant to LSA-R.S. 32:866, is hereby affirmed. Costs of this appeal are assessed against the plaintiff/appellant, LWCC.
AFFIRMED.
GUIDRY, J., concurs.

. On motion of LWCC, the trial court ordered that LWCC’s claims against Atlay Stelly be dismissed without prejudice on September 3, 2010.

. Although the judgment appealed from herein is a partial summary judgment, the trial court designated the judgment as final for purposes of an immediate appeal pursuant to LSA-C.C.P. art. 1915(B).

. Other circuits have determined that a third-party creditor of an uninsured is also barred from recovery of the first $10,000.00 pursuant to LSA-R.S. 32:866 and does not have a cause of action to assert the rights of an uninsured because the uninsured has no cause of action of his own as a result of his failure to maintain the required minimum insurance coverage. See Twin City Acceptance Corporation v. Allstate insurance Company, 43,459 (La.App. 2nd Cir.8/13/08), 989 So.2d 852; MeritPlan Insurance Company v. DeSalvo, 2003-1493 (La.App. 4th Cir.3/24/04), 871 So.2d 461, writ denied, 2004-1009 (La.6/25/04), 876 So.2d 834; North American Fire & Casualty Company v. State Farm Mutual Automobile Insurance Company, 2003-300 (La.App. 3rd Cir. 10/1/03), 856 So.2d 1233, writ denied, 2003-3334 (La.2/13/04), 867 So.2d 694.