LOLLEY, J.
|,The Louisiana Workers’ Compensation Corporation appeals the judgment of the First Judicial District Court, Caddo Parish, Louisiana, which granted a motion for summary judgment in favor of Rosa Gilligan and GEICO General Insurance Company. For the following reasons, we affirm the trial court’s judgment.
Facts
On November 7, 2011, while working for the Volunteers of America, North Louisiana, Scheresa Byrd was operating her personal vehicle in Shreveport, Louisiana. While stopped at an intersection, Byrd was rear-ended by Rosa Gilligan, who was insured by GEICO General Insurance Company (“GEICO”) at the time. On that date, Byrd did not have the minimum compulsory vehicle liability insurance required by La. R.S. 32:861.
Byrd ultimately sought and received workers’ compensation benefits from the Louisiana Workers’ Compensation Corporation (“LWCC”), which subsequently filed this lawsuit against Gilligan and GEICO pursuant to La. R.S. 23:1101.B in order to be reimbursed for workers’ compensation payments made to Byrd. In response, GEICO brought a motion for summary judgment under the premise that, La. R.S. 32:866 (Louisiana’s “no pay-no play” statute) barred recovery of the first $15,000 of damages in this matter, because Byrd failed to carry liability insurance. After considering the parties’ pleadings and oral argument, the trial court granted GEICO’s motion for summary judgment, and this appeal by LWCC ensued.
|2Summary Judgment
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Samaha v. Rau, 2007-1726 (La.02/26/08), 977 So.2d 880; Amos v. Crouch, 46,456 (La.App.2d Cir.06/29/11), 71 So.3d 1053.
Appellate courts review summary judgments de novo, under the same criteria that govern a district court’s consideration of whether summary judgment is appropriate. Jenkins v. Willis Knighton Med. Ctr., 43,254 (La.App.2d Cir.06/04/08), 986 So.2d 247, writ not cons.,. 2008-1507 (La.10/10/08), 993 So.2d 1273. A court must grant a motion for summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). A fact is material if its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Amos v. Crouch, supra.
Summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2); Jenkins v. Willis Knighton Med. Ctr., supra. The moving party bears the burden of proof. However, when he will not bear the *484 burden of proof at trial on the matter before the court on summary judgment, the movant is not required to negate all essential elements of the adverse party’s claim; he need .only point out an absence of factual support for one or more essential elements of the adverse party’s claim. If the adverse party then | Jails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact and summary judgment is appropriate. La. C.C.P. art. 966(C)(2); Carter Enterprises, LLC v. Scott Equipment Co., LLC, 46,862 (La.App.2d Cir.04/11/12), 91 So.3d 1134. '
Discussion
Here, in granting GEICO’s motion for summary judgment, the trial court determined that LWCC, as subrogee of Byrd, was precluded -from recovering the first $15,000.00 of Byrd’s bodily injury claim, because she was in violation .of La. R.S. 32:866 (i.e., Byrd failed to own or maintain compulsory liability insurance at the time of the accident). On appeal, LWCC brings two assignments of error, both closely related to each other. First, LWCC maintains that the trial court erred in holding that it was the “subrogee” of Byrd, and thus precluded from recovering the first $15,000.00 of bodily injury claim for Byrd’s failure to have compulsory liability insurance required under La. R.S. 32:866. Second, LWCC argues that the trial court erred in applying the “no pay-no play” defense (i.e., La. R.S. 32:866) against it, because it was neither the owner nor the operator of the subject vehicle.
Pursuant to La. R.S. 23:1101, LWCC filed its petition for damages seeking reimbursement from GEICO for the workers’ compensation benefits paid to Byrd as a result of her accident. The statute provides in pertinent part:
B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring |4suit in district court against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person, and where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the person who has paid compensation or has become obligated to pay compensation shall be reduced by the same percentage. The amount of any credit due the employer may be set in the judgment of the district court if agreed to by the parties; otherwise, it will be determined pursuant to the provisions of R.S. 23:1102(A). (Emphasis added.)
As noted by the parties and the trial court, this precise issue on appeal has previously been considered in Louisiana Workers’ Comp. Corp. v. Landry, 2011-1973 (La.App.1st Cir.05/02/12), 92 So.3d 1018. In granting summary judgment on behalf of the tortfeasor’s liability insurer, the Landry court noted Marquette Cas. Co. v. Brown, 235 La. 245, 103 So.2d 269, 271 (1958), wherein the court stated that the right of reimbursement by a workers’ compensation insurer is:
conditioned upon the basic right of the employee to recover damages and, according to R.S. 23:1103, if the damages awarded are for an amount less than the total compensation paid, the employer’s recovery is accordingly limited to that amount. Thus, though the compensation paying employer is given the preferential right to reimbursement out of the judgment, recovery is necessarily restricted to the amount for which the tortfeasor is liable to the injured em *485 ployee for the consequences of his wrongful act. (Emphasis added.)
Here, Byrd’s right to recover damages from the tortfeasor was limited under La. R.S. 32:866.A(1), which provides that:
There should be no recovery for the first fifteen thousand dollars of bodily injury and no recovery for the first twenty-five thousand dollars of property damage based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a | ¡¡motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security.
We agree with the holding in Landry that, considering the plain wording of La. R.S. 23:1101 and La. R.S. 32:866, the LWCC’s recovery is limited to the amount for which the alleged tortfeasor, Gilligan, and her insurer, GEICO, are liable to the injured employee, Byrd. Whereas LWCC argues its action is an independent cause of action allowed under La. R.S. 23:1101, and it is not seeking recovery as subrogee, the statute clearly allows only recovery identical to that of the employee. Unquestionably, LWCC has an independent action to recover its compensation benefits which have been or will be paid to Byrd under La. R.S. 23:1101, but the statute is clear that the extent of that recovery necessarily depends on the amount of damages awarded to Byrd — that recovery “shall be identical.”
Because Byrd failed to maintain compulsory motor vehicle liability insurance, she would receive no recovery for the first $15,000.00 of bodily injury pursuant to La. R.S. 32:866. The LWCC is only entitled to receive reimbursement from a third party for benefits paid to the injured employee “identical” to the amount recoverable by that employee. Reading La. R.S. 23:1101.B and La. R.S. 32:866 together, along with consideration of the applicable jurisprudence, we find that GEICO’s legal liability to pay damages for this accident is limited to the amount in excess of $15,000.00 for Byrd’s personal injuries. In other words, Byrd cannot recover the first $15,000.00 against GEICO, and resultantly LWCC is unable to recover the initial $15,000.00 either.
| (¡Furthermore, LWCC argues that the Louisiana Legislature did not foresee a scenario such as this where a workers’ compensation insurer might be denied recovery entitled to it under La. R.S. 23:1101.B. LWCC submits that La. R.S. 32:866 applies to an “owner and operator,” but does not intend to penalize innocent third parties such as itself. However, as LWCC has correctly argued, its cause of action against GEICO arises independently from La. R.S. 23:1101.B, which itself limits the amount of recovery allowed under the statute to the identical amount recovered by the employee. Had the Louisiana Legislature so intended, workers’ compensation insurers could have been exempt from the limitation of recovery provisions of La. R.S. 32:866 as were guest passengers. See La. R.S. 32:866.E. They were not. Moreover, La. R.S. 32:866.F(1) specifically limits the recovery of payments made by any insurer to amounts in excess of $15,000.00 of bodily injury.
Conclusion
Considering the foregoing, the summary judgment in favor of GEICO General Insurance Company is affirmed. All costs of this appeal are assessed to Louisiana Workers’ Compensation Corporation.
AFFIRMED.