CRAIN, J.
|2The holder of a secured promissory note seeks recovery from a third party *1173 who allegedly damaged the collateral for the note. The trial court denied a motion for summary judgment filed by the defendants and -granted summary judgment in favor of the plaintiff, awarding the full amount requested. We find that the secured party has no claim against the alleged tortfeasor, reverse the summary judgment in favor of the plaintiff, and render summary judgment in favor of the third party and his insurer.
FACTS
The accident giving rise to this litigation occurred when a vehicle driven by Jerry Richard crossed the center line and struck a vehicle owned and operated by Sheilda Hayes. The plaintiff, M & M Financial Services, Inc., held a security interest in the Hayes vehicle and filed suit against Richard and his insurer, National Automotive Insurance Company, seeking to recover $11,446.80, which was the balance due on the promissory note, plus legal interest and attorney fées.
Richard and National defended the suit by asserting that M & M Financial was barred from the requested relief by Louisiana’s “No Pay, No Play” law, Louisiana Revised Statute 32:866, because the Hayes vehicle was uninsured at the time of the accident. Both parties filed motions for summary judgment. Richard and National sought to have the claims dismissed pursuant to Section 32:866, and M & M Financial requested a judgment for the full amount of its claim. After hearing- both motions, the trial court denied the defendants’ motion and granted the plaintiffs motion, awarding M & M Financial the sum of $11,446.80, plus- legal interest and attorney fees of 25% of the principal and interest. National Automotive Insurance Company appealed and assigns as error the trial court’s finding that the lien holder of an uninsured motor vehicle was -not barred from recovery by the No Pay, No Play law.
J^DISCUSSION
A motion for summary judgment shall be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact; and that the mover is entitled to judgment as a matter of law. La.Code Civ. Pro. art. 966(B)(2). The party seeking summary judgment has the burden of proving an absence of a genuine issue of material fact. La.Code Civ. Pro. art. 966C. If the mov-ant satisfies the initial burden, the burden shifts to the party opposing summary judgment to present factual support sufficient to show he will be able to satisfy the evidentiary burden at trial. La.Code Civ. Pro. art. 966(C)(2); Swire v. Lafayette City-Parish Consolidated Government, 04-1459 (La.4/12/05), 907 So.2d 37, 56. The summary judgment procedure is favored and is designed 'to secure the just, speedy, and inexpensive determination of every action. La.Code Civ. Pro. art. 966(A)(2). In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. In re Succession of Beard, 13-1717 (La.App.1 Cir. 6/6/14), 147 So.3d 753, 759-60.
No -material facts are at issue in this matter. M & M Financial held a security interest in the Hayes vehicle, and the -parties agree that the vehicle was uninsured at the time of the accident. Given these facts, M & M Financial’s right, if any, to recover damages from Richard and National presents a question of law that turns on the interpretation of certain *1174 statutes. The interpretation of a statute is a question of law that may be decided by summary judgment. Louisiana Workers’ Compensation Corporation v. Landry, 11-1973 (La.App.1 Cir. 5/2/12), 92 So.3d 1018, 1021, writ denied, 12-1179 (La.9/14/12), 99 So.3d 34.
| ¿Louisiana Revised Statute 32:866(A)(1) bars recovery for the first fifteen thousand dollars of bodily injury and the first twenty-five thousand dollars of property damage sustained “by an owner or operator of a motor vehicle involved in [an] accident who fails to own or maintain compulsory motor vehicle liability security.” This limitation of recovery applies to “any cause or right of action arising out of a motor vehicle accident, for such injury or damages” suffered by the owner or operator. La. R.S. 32:866(A)(1). In support of its motion for summary judgment, M & M Financial argued that the statute was inapplicable to its claim, because M & M Financial was not “an owner or operator of a motor vehicle.” While this argument has some support in the statutory language, it fails to consider the derivative nature of the right asserted by M & M Financial in this proceeding.
M & M Financial was not the owner of the damaged property; rather, it held a security interest in the property. When collateral is damaged in an accident, the rights of the secured party are governed by the Louisiana Uniform Commercial Code, specifically Louisiana Revised Statutes 10:9-203, 10:9-315, and 10:9-102(64). Those statutes collectively provide that the security interest attaches to the “proceeds” of the collateral, which include “claims arising out of the ... damage to ... the collateral” and “insurance payable by reason” of the damage. See La. R.S. 10:9~102(64)(D) and (E). In the event the collateral is damaged in an accident, these provisions protect the secured party by extending its security interest to any claims brought by the debtor against the responsible party. That protection, however, is limited to a security interest in the debtor’s claim, as the cited statutes do not create an independent cause of action for the secured party against the third party. See Finova Capital Corporation v. IT Corporation, 33,994 (La.App. 2 Cir. 12/15/00), 774 So.2d 1129, 1132. Consequently, M & M Financial has no | ¡¡independent right of action against Richard and National for damage to the Hayes vehicle. Its rights extend only to Hayes’s claim, if any, against those defendants.
Because Hayes did not maintain insurance on the vehicle at the time of the accident, she has no claim for the first twenty-five thousand dollars in property damages sustained in the accident. See La. R.S. 32:866(A)(1) M & M Financial seeks to recover the sum of $11,446.80, plus legal interest and attorney fees. To the extent M & M Financial is attempting to enforce its security interest in Hayes’s claim for damages, the plaintiff seeks recovery that is barred by Section 32:866(A)(1). The trial court therefore erred in granting summary judgment in favor of M & M Financial. See Twin City Acceptance Corp. v. Allstate Insurance Company, 43,459 (La.App. 2 Cir. 8/13/08), 989 So.2d 852, 854 (where debtor failed to maintain compulsory insurance on vehicle, secured party had no right of recovery against third party tortfeasor for property damage to vehicle); North American Fire & Casualty Co. v. State Farm Mutual Auto Ins. Co., 03-300 (La.App. 3 Cir. 10/1/03), 856 So.2d 1233, 1236-37, writ denied, 03-3334 (La.2/13/04), 867 So.2d 694 (Section 32:866(A)(1) precluded recovery by secured party against tortfeasor, and secured party had no independent claim under Louisiana Civil Code article 2315); MeritPlan Insurance Company v. DeSal- *1175 vo, 03-1493 (La.App. 4 Cir. 3/24/04), 871 So.2d 461, 464-65, writ denied, 04-1009 (La.6/25/04), 876 So.2d 834 (where uninsured owner’s claim was barred by Section 32:866(A)(1), secured party had no separate claim against tortfeasor); see also Louisiana Workers’ Compensation Corporation, 92 So.3d at 1024 (reimbursement claim by workers’ compensation insurer was barred by Section 32:866).
Given the nature of the cross motions for summary judgment, review of the denial of the motion for summary judgment filed on behalf of Richard and National is appropriate on appeal. See Board of Supervisors of Louisiana State University v. Louisiana Agricultural Finance Authority, 07-0107 (La.App.1 Cir. 2/8/08), 984 So.2d 72, 78, n. 1. In connection with our review of that portion of the judgment, we note that the defendants’ assignment of error states that the “trial court erred in determining that the lien holder of an uninsured motor vehicle was not barred from recovery” by Louisiana’s No Pay, No Play law. We further note that the defendants filed, and we hereby grant, a motion to supplement their assignment of error to clarify that the assignment included both the granting of the plaintiffs motion and the denial of the defendants’ motion. For the reasons previously provided, the trial court erred in denying the motion for summary judgment filed on behalf of Richard and National, and we render summary judgment in their favor, dismissing all claims against them.
CONCLUSION
We grant the defendants’ motion to supplement their assignment of error to clarify that the assignment included both the granting of the plaintiffs motion for summary judgment and the denial of the defendants’ motion for summary judgment. We reverse the trial court’s granting of summary judgment in favor of the plaintiff and the denial of the motion for summary judgment filed on behalf of the defendants. We render summary judgment in favor of Jerry Richard and National Automotive Insurance Company, dismissing with prejudice all claims filed against them by M & M Financial Services, Inc. All costs of this appeal are assessed to M & M Financial Services, Inc.
MOTION GRANTED; REVERSED AND RENDERED.