650 So.2d 811 (1995)
Ralph J. ROBY and Earl J. Kilbride
v.
The BOARD OF TRUSTEES OF the EMPLOYEES' RETIREMENT SYSTEM OF the CITY OF NEW ORLEANS, et al.
No. 94-CA-0671.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 1995.
Sidney M. Bach, Gerald Wasserman, Bach & Wasserman, Metairie, for plaintiffs/appellants.
*812 Jesse James Marks, Deputy City Atty., Philip C. Ciaccio, Jr., Chief of Civ. Litigation, Bruce E. Naccari, Atty. Chief of Research & Opinions, Avis Marie Russell, City Atty., New Orleans, for defendants/appellees.
Before SCHOTT, C.J., and BARRY and BYRNES, JJ.
BARRY, Judge.
Plaintiffs appeal the denial of an injunction and mandamus to require the Board of Trustees of the Employees' Retirement System of the City of New Orleans, its members and director and the City of New Orleans to allow plaintiffs to participate in the City's retirement system. The issue is whether a member of the New Orleans police department's retirement system is entitled to also participate in the City's retirement system following that person's retirement from the police department.

Facts
Ralph Roby and Earl Kilbride are retired New Orleans police officers and members of the police retirement system. They work for the City of New Orleans in other capacities.
Roby and Kilbride sought and were denied membership in the City's retirement system. They sought an injunction and mandamus to require the defendants to allow them to participate in the City's retirement system while they received benefits from the police department's retirement system. They allege that other city employees are members of another public retirement system and allowed dual participation.
On December 28, 1993, Roby and Kilbride obtained a temporary restraining order to direct the Board of Trustees and its manager to inform plaintiffs of the amount required to purchase their service credit for the time they worked for the City. The plaintiffs deposited the estimated amount into the registry of the court.
Defendants obtained an opinion from the Attorney General regarding the conflict in La.R.S. 11:191 and 11:3843. La.Op.Att'y Gen. No. 93-514 (September 9, 1993). The trial court denied relief based on that opinion and plaintiffs appealed.

Statutory Construction
Roby and Kilbride argue that they are entitled to dual membership in the police and City retirement systems under La.R.S. 11:191. That argument has no merit.
R.S. 11:191 generally allows dual membership in public retirement systems; however, R.S. 11:3843 specifically excludes from the municipal retirement system an employee who is covered by any other statutory retirement system except the Federal Social Security Act. To understand the statutory scheme and proper statutory construction we examined the history of the applicable laws.
In 1944 the Louisiana legislature authorized municipalities with a population over 100,000 to establish retirement systems. Acts 1944, No. 119, § 1. It specifically excluded from the municipal retirement system "all those present and future appointive officers and employees," included in any other retirement system established by another law. Acts 1944, No. 119, § 3. See former La.R.S. 33:1763.
In 1977 the legislature added La.R.S. 42:701 to Title 42, "Public Officers and Employees." Acts 1977, No. 672. That provision prohibited a person employed by more than one public agency in the state to maintain active membership in more than one public retirement system.
Title 11 of the Revised Statutes was established in 1988 to consolidate the laws relative to public employees' retirement. Acts 1988, No. 81, § 1. In 1991 La.R.S. 33:1763 relative to municipal retirement systems was redesignated R.S. 11:3843 and R.S. 42:701 relative to dual employment and retirement system membership of public employees was redesignated R.S. 11:191. Acts 1991, No. 74, § 3, eff. June 25, 1991.
Also in 1991 the general prohibition against membership in more than one retirement system under former R.S. 42:701 was removed and a person previously prohibited from such dual participation was entitled to purchase the service credit by January 1, 1994. Acts 1991, No. 413, § 1. The prohibition *813 applicable to municipal employees under former R.S. 33:1763 remained in effect.
La.R.S. 11:191 is contained in Subtitle I, "General and Preliminary Provisions," and reads in pertinent part:
A. Any person who is employed in more than one public employment within this state, and who, by reason of such employment is eligible, as a condition of such employment, to be a member of the public retirement system or fund applicable to employees in each of such public employments, shall be a contributing member of each such retirement system or fund during the term of his employment....
B. Any person who is a member of any public retirement system or fund on September 6, 1991 [the effective date of Act. No. 413], who has been employed in any public employment within the state and who has not been allowed to become a member of and to make contributions to the retirement system or fund applicable to employees in such public employment shall be allowed to purchase the service credit to which he would have been entitled in the system had he been an active contributing member of the retirement system or fund during the full term of his employment.... All purchases of service credit under this Section shall be completed by January 1, 1994.
La.R.S. 11:3843 is contained in Subtitle IV, "Municipal and Parish Systems," and reads in pertinent part:
A. All those present and future appointive officers and employees, whether municipal, parochial, or judicial, who are already, or who will hereafter be included by reason of their employment in the benefits of any other pension and retirement systems heretofore established by other laws, other than the Federal Social Security Act, shall be excluded from the benefits of the pension and retirement systems to be established as authorized in R.S. 11:3841 [applicable to municipalities with populations over 90,000].
Nothing in this Part ["Municipalities of 20,000 to Over 90,000 Population] shall be construed as affecting the provisions of the other pension and retirement system laws.
Plaintiffs argue that § 191(B) impliedly repealed § 3843 because § 191(B) was effective September 6, 1991 after the June 25, 1991 effective date of the redesignation of § 3843. That argument does not comport with rules of statutory construction.
A repeal by implication is not favored. Liter v. City of Baton Rouge, 258 La. 175, 245 So.2d 398, 402 (1971). The legislature is presumed to intend to achieve a consistent body of law. State v. Piazza, 596 So.2d 817, 819 (La.1992), reh. granted in part on other grounds. In Piazza, the Supreme Court stated:
When a legislature enacts a statute without mention of existing statutes on the same subject matter, the later act may, by necessary implication, effect the repeal of the preexisting law. However, there is a presumption against implied repeal, based on the theory that the legislature envisions the whole body of law when it enacts new legislation.... Thus, a court should give harmonious effect to all acts on a subject when reasonably possible.
Id. at 819.
Moreover, when statutes are in conflict, the statute which is more specifically directed to the matter prevails as an exception to the general statute. Esteve v. Allstate Insurance Co., 351 So.2d 117, 121 (La. 1977).
Under the 1991 amendment, § 191(A) provides that membership in dual retirement systems is allowed by a public employee and § 191(B) entitles the employee to purchase service credit in a retirement system in which the employee was previously denied membership before the September 6, 1991 effective date of that amendment. The mandate of § 191 that entitles dual employees to purchase service credit hours is apparently for those employees previously prohibited from participation in dual retirement systems under that particular statute prior to its amendment. That general mandate does not and need not obviate § 3843. Considering the history and the language of § 191, the rule enunciated therein is a general rule applicable to public officers and employees. *814 Section 3843 sets forth the more specific rule applicable to a municipal employee and excludes from the municipal retirement system an employee who is covered under another retirement system. That section is controlling over the more general provision of § 191.

Equal Protection
In their first and second assignments Roby and Kilbride argue that R.S. 11:3843 violates the equal protection provisions of the United States and Louisiana constitutions. Section 3843 prohibits "appointive officers and employees" from maintaining membership in two retirement systems but does not include an elected public official.
The deposition of defendant Brenda Johnson, manager of the Employees Retirement System of the City of New Orleans, was admitted into evidence. Ms. Johnson was aware of one retiree from the police system who was allowed to join the city's retirement system. That person (identified as former Chief of Police Joseph Giarrusso) was later elected to the New Orleans City Council. The record does not disclose another person with dual retirement participation.
Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d 1094, 1107 (La.1985), examined the test for judicial scrutiny of a legislative classification on equal protection grounds:
(1) When the law classifies individuals by race or religious beliefs, it shall be repudiated completely;
(2) When the statute classifies persons on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations, its enforcement shall be refused unless the state or other advocate of the classification shows that the classification has a reasonable basis;
(3) When the law classifies individuals on any other basis, it shall be rejected whenever a member of a disadvantaged class shows that it does not suitably further any appropriate state interest.
Id. at 1107-1108.
Section 3843 does not create a suspect classification or impinge upon a fundamental right protected by the Constitution and does not classify on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations. The third test enunciated in Sibley is applicable.
The law will be upheld unless a member of the disadvantaged class shows that the law does not suitably further any appropriate state interest. Parker v. Cappel, 500 So.2d 771, 774 (La.1987). A classification that has a reasonable basis does not offend the constitution simply because it is not made with a mathematical nicety or because in practice it results in some inequality. Jenkins v. Whitfield, 505 So.2d 83, 87 (La.App. 4th Cir.), writ den. 506 So.2d 114 (La.1987).
Roby and Kilbride argue that Section 3843 violates equal protection because it does not include elected officials in the prohibition against dual retirement and they assert that there is no rational basis for the classification. The plaintiffs' argument is very general and the record contains no testimony or evidence that clearly shows there is no rational basis for the distinction. One conceivable state interest is to make the elected position attractive to qualified persons who might otherwise opt for private employment. Cf. Clark v. State, 434 So.2d 1276 (La.App. 1st Cir.), writ den., 440 So.2d 152 (La.1983). Clark considered the constitutionality of a civil service commission pay adjustment by which certain classes of employees received a pay increase and others did not. The court held that the difference in rates is supported by a rational basis and reasoned that "The State not only has an interest in recruiting employees, it also has an interest in making the position attractive enough to retain those employees." Id. at 1280.
Roby and Kilbride did not prove that R.S. 11:3843 is not supported by a rational basis. The judgment is affirmed.
AFFIRMED.