GAIDRY, J.
| j,The Louisiana State Employees’ Retirement System (LASERS) appeals a combined judgment granting the motion for summary judgment of the plaintiff employee, declaring him entitled to receive service credits as a member of LASERS from 1993 to 2000, and denying its cross-motion on the same issue. For the following reasons, we reverse the judgment of the trial court and render summary judgment in favor of LASERS, dismissing the plaintiff employee’s claim.
FACTS AND PROCEDURAL HISTORY
The relevant facts forming the basis of this action are not in dispute. The plaintiff, Joseph F. Toomy, was employed as a teacher at Delgado Community College from January 6, 1981, until his retirement on March 21, 2000. During that employment, he was a member of the Teachers’ Retirement System of Louisiana (TRSLA) and had 24.9 years of service. Mr. Toomy also served in the Louisiana legislature as a state representative from March 12, 1984, until January 13, 2008.
Prior to September 6, 1991, La. R.S. 42:701 prohibited employees who were concurrently employed by more than one public agency from dual membership in more than one public retirement system. Concurrent employees of two or more public agencies were thus required to make a choice as to the one public retirement system in which they would maintain their membership. Effective June 25, 1991, La. R.S. 42:701 was redesignated as La. R.S. 11:191, and it was amended effective September 6, 1991, to remove the previous prohibition and to require that eligible concurrent employees of more than one public agency be contributing | .¡members of the public retirement system applicable to each agency’s employees. Acts 1991, No. 74, § 3 and No. 413, § l.[1]
Mr. Toomy executed a registration form to become a contributing member of LASERS on or about December 16, 1993, based upon his status as an elected official.[2] He remained a contributing member of LASERS until he left the legislature on January 13, 2008.
On November 30, 2007, Mr. Toomy applied for retirement benefits from LASERS and was informed that he did not have enough years of service credit to do so. In doing so, LASERS took the position that Mr. Toomy was not allowed by law to earn service credits in LASERS during the period of November 1, 1993 to March 21, 2000, in which he was also a contributing member of TRSLA.
*201 Mr. Toomy filed the present civil action on August 5, 2008, naming LASERS as defendant and seeking a declaratory judgment that he is entitled under the provisions of La. R.S. 11:191(A) to service credits in LASERS from November 1, 1993 to March 21, 2000. LASERS answered the petition, generally denying its allegations.
On July 17, 2009, Mr. Toomy filed a motion for summary judgment, supported by his affidavit verifying the facts asserted in his petition and those relating to his employment, retirement, and membership status in TRSLA and LASERS. On the same date, LASERS filed a cross-motion for summary judgment, confirming that there were no genuine issues of material fact and seeking summary judgment dismissing Mr. Toomy’s cause of action. The motions and supporting memoranda of both parties relied upon |4their respective interpretations of the language of La. R.S. 11:191(A) limiting an employee of multiple public agencies to “one year of service credit in any one year.”
The motions for summary judgment were fixed for hearing on September 21, 2009, and were submitted to the trial court for decision on the supporting memoranda, without oral argument. On the same date, the trial court issued its oral reasons for judgment, rendering summary judgment in favor of Mr. Toomy and denying LASERS’s motion for summary judgment.
On April 15, 2010, the trial court signed its combined judgment on the motions, simply granting Mr. Toomy’s motion for summary judgment and denying that of LASERS. On May 4, 2010, LASERS moved to suspensively appeal the judgment. On June 24, 2010, this court ordered the parties to show cause why the appeal should not be dismissed, based on the lack of appropriate decretal language in the trial court’s judgment.
On October 12, 2010, the trial court signed an appropriate combined judgment on the motions, granting Mr. Toomy’s motion, declaring him entitled to receive service credits in LASERS for the years 1993 to 2000, and denying LASERS’s motion.
In this appeal, LASERS seeks the reversal of the summary judgment in favor of Mr. Toomy, reversal of the judgment denying its cross-motion, and rendition of summary judgment in its favor, dismissing Mr. Toomy’s cause of action.[3]
| .STANDARD OF REVIEW
Summary judgment is subject to de novo review on appeal, using the same standards applicable to the trial court’s determination of the issues. Peak Performance Physical Therapy & Fitness, LLC v. Hibernia Corp., 072206, p. 5 (La.App. 1st Cir.6/6/08), 992 So.2d 527, 530, writ denied, 081478 (La.10/3/08), 992 So.2d 1018. The summary judgment procedure is expressly favored in the law, and is designed to secure the just, speedy, and inexpensive determination of non-domestic civil actions. La. C.C.P. art. 966(A)(2). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions, and affidavits in the record show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
Similarly, in a ease involving no dispute regarding material facts, but only the de *202 termination of a legal issue, a reviewing court must apply the de novo standard of review, under which the trial court’s legal conclusions are not entitled to deference. Kevin Associates, L.L.C. v. Crawford, 03-0211, p. 15 (La.1/30/04), 865 So.2d 34, 43.
DISCUSSION

Principles of Statutory Interpretation

Legislative intent is the fundamental question in all cases of statutory interpretation, and rules of statutory construction are designed to ascertain and enforce the intent of the statute. State v. Campbell, 03-3035, p. 7 (La.7/6/04), 877 So.2d 112, 117. It is presumed that the legislature enacts each statute with deliberation and with full knowledge of all existing laws on the same subject. Id., 03-3035 at p. 8, 877 So.2d at 117. Thus, legislative language will be interpreted on the assumption that the legislature was aware of existing statutes, rules of construction, and judicial decisions interpreting lfithose statutes. It is further presumed that the legislature intends to achieve a consistent body of law. Id.
The starting point in the interpretation of any statute is the language of the statute itself. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. In re Clegg, 10-0323, pp. 20-21 (La.7/6/10), 41 So.3d 1141, 1154. The meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and by placing a construction on the law that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting the law. Id., 100323 at p. 21, 41 So.3d at 1154. It is a fundamental rule of statutory construction that when two statutes deal with the same subject matter, the statute specifically directed to the matter at issue must prevail as an exception to the more general statute. Fontenot v. Reddell Vidrine Water Dist., 02-0439, 02-0442, 02-0478, p. 20 (La.1/14/03), 836 So.2d 14, 28.
Courts should give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided. Pumphrey v. City of New Orleans, 05-979, p. 11 (La.4/4/06), 925 So.2d 1202, 1210. It is presumed that every word, sentence, or provision in the law was intended to serve some useful purpose, that some effect is to be given each such provision, and that no unnecessary words or provisions were used. Lasyone v. Phares, 01-1785, p. 4 (La.App. 1st Cir.5/22/02), 818 So.2d 1068, 1071, writ denied, 02-1711 (La.10/14/02), 827 So.2d 423.
In interpreting the Revised Statutes, “[w]ords and phrases shall be read with their context and shall be construed according to the common and | approved usage of the language.” La. R.S. 1:3. When the wording of a section of the Revised Statutes is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit. La. R.S. 1:4.
Finally, with regard to the particular type of statute at issue here, Louisiana courts have consistently held that legislation establishing pension systems is remedial in nature, and therefore must be liberally construed in favor of the intended beneficiaries. Swift v. State, 342 So.2d 191, 196 (La.1977); Maillet v. Bd. of Trustees, Teacher’s Ret. Sys. of La., 248 La. 964, 978, 183 So.2d 321, 326 (La.1966); and Harrison v. Trustees of La. State Employees’ Ret. Sys., 95-0048, p. 7 (La.App. 1st Cir.10/6/95), 671 So.2d 385, 390. Accordingly, any ambiguity in such a statute must *203 be resolved in favor of the persons intended to be benefited thereby. Groves v. Bd. of Trustees of Teachers’ Ret. Sys. of La., 324 So.2d 587, 594 (La.App. 1st Cir.1975), writs denied, 326 So.2d 378, 380 (La.1976).

The Law Applicable to the Plaintiff’s Claim

Louisiana Revised Statutes 11:1, et seq., comprise the Louisiana Public Retirement Law. Its stated purpose is “to consolidate public retirement law in order to effectively comply with the [constitutional] mandate ... to maintain public retirement systems on a sound actuarial basis.” La. R.S. 11:2. Public retirement systems are broadly classified into “state retirement systems” and “statewide retirement systems.” La. R.S. 11:4. TRSLA and LASERS are classified as “state retirement systems.” La. R.S. 11:4(A).
Louisiana Revised Statutes 11:191(A) is contained in Subtitle I, “General and Preliminary Provisions,” Chapter 4, setting forth provisions affecting more than one public retirement system. It generally allows dual membership in public retirement systems, with certain exceptions. Roby v. Bd. of Trustees of Employees’ Ret. Sys. of City of New Orleans, 94-0671, p. 2 (La.App. 4th Cir.1/31/95), 650 So.2d 811, 812. It provides:
Any person who is employed in more than one public employment within this state, and who, by reason of such employment is eligible, as a condition of such employment, to be a member of the public retirement system or fund applicable to employees in each of such public employments, shall be a contributing member of each such retirement system or fund during the term of his employment. In no event shall such person be allowed to earn more than one year of service credit in any one year. Service credit earned in more than one retirement system or fund in any one year shall not be transferred or recognized reciprocally to attain more than one year of service credit in any one system in any one year.
(Emphasis added.)
LASERS contends that Mr. Too-my was prohibited by La. R.S. 11:191(A) from earning one year of service credit concurrently in both TRSLA and LASERS by the sentence, “In no event shall such person be allowed to earn more than one year of service credit in any one year.” Mr. Toomy, on the other hand, contends that the sentence must be read together with the following sentence, prohibiting “more than one year of service credit in any one system in any one year.” Mr. Toomy urges that the statute does not prohibit an employee from earning one year of service credit in each public retirement system of which he is a member in any one year, but rather only prohibits such an employee from earning more than one year of service credit per year in any one public retirement system.
Both Mr. Toomy and LASERS frame the central legal issue solely in terms of the interpretation of the language of La. R.S. 11:191(A). Mr. Toomy argues that he was required by the mandatory language of La. R.S. 11:191(A) to be a contributing member of LASERS and that it would be both “illogical” and “absurd” to prohibit him from receiving service credits in LASERS while at the same time receiving service credits from TRSLA. |3While we agree in dictum with Mr. Toomy’s position on the meaning of the particular sentence relied upon by LASERS, we disagree with its relevance and applicability to his particular situation.
Louisiana Revised Statutes 11:191(A) enunciates a general rule applicable to public employees concurrently employed by more than one public agency. See Roby, 94-0671 at p. 5, 650 So.2d at 813-14. *204 In order for La. R.S. 11:191(A) to apply to Mr. Toomy as a legislator, he must have been “eligible, as a condition of such employment,” to be a member of LASERS. Title 11, Subtitle “State Systems,” Chapter 1 deals specifically with LASERS. Louisiana Revised Statutes 11:411, at the times relevant herein, contained the following pertinent provisions relating to Mr. Too-my’s eligibility:
The membership of this system [LASERS] shall be as follows:
(1) Each person who becomes an employee in the state service, except those specifically excluded or as to whom an option or election is provided in this Section, shall become a member of the system as a condition of employment.
(4) Membership shall be optional for elected officials ...
(Emphasis added.)
Because of his status as an elected official, Mr. Toomy’s membership in LASERS was optional, and he was not required “as a condition of [his] employment” as a legislator to be a contributing member of LASERS. Thus, La. R.S. 11:191(A) by its terms has no application to his situation. Rather, Mr. Toomy’s situation is governed by La. R.S. 11:413(1), which provides, in pertinent part:
The following classes of employees and officers shall not be or become members of this system [LASERS]:
lio(l) Elected or appointed officials or employees of this state who are contributing members of any other state retirement system, ... unless by transfer in accordance with the provisions of the optional reciprocal transfer agreement provided for by this Chapter....
(Emphasis added.)
The specific rule of La. R.S. 11:413(1) must be held to prevail over the more general rule of La. R.S. 11:191(A). See Roby, 94-0671 at p. 5, 650 So.2d at 813-14. According to the mandatory and unambiguous language of La. R.S. 11:413(1), Mr. Toomy was ineligible to join LASERS due to his status as a contributing member of TRSLA, another “state retirement system,” unless he transferred that membership to LASERS. According to his petition and affidavit, he retained his membership in TRSLA from the time he applied for membership in LASERS through his retirement as a teacher in 2000. Thus, it is undisputed that no transfer of service credits from TRSLA to LASERS occurred. He was therefore ineligible to become a member of LASERS in 1993, and he was not entitled to earn service credits in LASERS during the period at issue. This result is mandated not only by the mandatory prohibitive language of La. R.S. 11:413(1), but by the terms of La. R.S. 11:191(A), read in light of the former statute and La. R.S. 11:411.
Based on the foregoing, Mr. Toomy was not entitled to declaratory judgment in his favor as a matter of law, and the judgment of the trial court was legally incorrect. In reversing the trial court’s summary judgment in his favor and rendering summary judgment in favor of LASERS, we emphasize that our decision is limited to the particular cause of action and legal issue presented by Mr. Toomy’s petition for declaratory judgment, and our decision is without prejudice to other legal recourse available to him regarding his contributions made to LASERS.
InDECREE
The summary judgment of the trial court in favor of the plaintiff-appellee, Joseph Toomy, declaring him entitled to receive service credits in the Louisiana State Employees’ Retirement System for the period of November 1, 1993, to March 21, 2000, is reversed. The judgment of the trial court denying the motion for summary judgment of the defendant-appellant, the Louisiana State Employees’ Retire *205 ment System, is reversed, and summary judgment is rendered in favor of the defendant-appellant, dismissing the plaintiff-appellee’s cause of action for declaratory judgment with prejudice. All costs of this appeal are assessed to the plaintiff-appel-lee.
REVERSED AND RENDERED.
CARTER, C.J., concurs with reason.

. The statute was later amended by Acts 1992, No. 250, § 1, effective July 1, 1992, and by Acts 1995, No. 753, § 1, effective August 15, 1995. Those later amendments did not change the relevant substance of the 1991 amendment as it pertains to this action.

. Elected officials are eligible for membership in LASERS, but their membership is optional. La. R.S. 11:411(4).

. When an unrestricted appeal is taken of a final judgment determinative of the merits, the appellant is generally entitled to seek review of all adverse interlocutory judgments prejudicial to him, in addition to the review of the final judgment. See Judson v. Davis, 04-1699, p. 8 (La.App. 1st Cir.6/29/05), 916 So.2d 1106, 1112, writ denied, 05-1998 (La.2/10/06), 924 So.2d 167.