McDonald, j.
12This is an appeal from a judgment finding that plaintiff is not eligible to draw his Louisiana District Attorney Retirement System (LADARS) retirement benefit while he is an employee of the State of Louisiana participating in the Louisiana State Employees Retirement System (LASERS) Deferred Retirement Option Program (DROP).
FACTS AND PROCEDURAL HISTORY
On April 19, 2013, the plaintiff, Frank A. Brindisi, filed a petition for writ of mandamus and declaratory judgment, naming as defendant the Board of Trustees of LA-DARS. Mr. Brindisi asserted he had been an assistant district attorney and was a member of LADARS and paid into that retirement system for 15 years; and further, he had been employed by the State as an assistant attorney general and he had paid into LASERS for over 10 years. Mr. Brindisi maintained that by reciprocal agreement pursuant to La. R.S. 11:142, those terms of service cumulated to 25 years of service.
*1012 Mr. Brindisi asserted that he had reached the age of 55 and was eligible to retire as he had withdrawn from service with LADARS and had fulfilled all of the requirements for retirement under La. R.S. 11:1633. Mr. Brindisi maintained that he was participating in DROP through LASERS, thus he was not considered to be contributing to a retirement system and was entitled to receive payment of his earned and accrued retirement benefits from LADARS.
Mr. Brindisi asserted that the Board of Trustees of LADARS had refused to pay him retirement benefits, despite amicable demand. Mr. Brindisi prayed for judgment in his favor, and against LADARS, declaring him eligible to retire from LA-DARS as of his date of enrollment in DROP. Further, he prayed for a writ of mandamus ordering LADARS to pay him his retirement benefit.
The Board of Trustees of LADARS filed an answer denying that Mr. RBrindisi was eligible to retire and denying that Mr. Brindisi had fulfilled all of the requirements for retirement under La. R.S. 11:1633. The Board of Trustees filed an objection raising the exception of no cause of action,[1] asserting that Mr. Brindisi had signed an application for reciprocal recognition of service in which he stated that he had opted to defer his retirement, and further, the Board of Trustees maintained that persons who participate in DROP remain employed and are not retired, thus Mr. Brindisi had failed to state a cause of action for retirement benefits from LA-DARS. The Board of Trustees maintained that Louisiana law did not permit a state employee to retire from LADARS, but not from LASERS, and the Board of Trustees asked for judgment denying Mr. Brindisi’s claims.
After a trial on the merits, the trial court rendered judgment in favor of the Board of Trustees and against Mr. Brindi-si, finding that Mr. Brindisi was not eligible to receive a LADARS retirement benefit as he did not have the requisite years of service to fulfill the mandatory legal requirements of both La. R.S. 11:1633 and La. R.S. 11:142(D) and (E). Mr. Brindisi appealed that judgment.
THE RULE TO SHOW CAUSE
This court, ex proprio motu, issued a rule to show cause on September 19, 2014, finding that the judgment appeared to lack appropriate decretal language disposing of and dismissing Mr. Brindisi’s claims. Thereafter, on October 22, 2014, the trial court signed a supplemental and amended judgment, decreeing that Mr. Brindisi’s petition for declaratory judgment and writ of mandamus was dismissed with prejudice.
On December 30, 2014, this court maintained the appeal, noting, however, that a final determination on maintaining the appeal was reserved for this panel. After consideration of the supplemental and amended judgment, which dismissed |4Mr. Brindisi’s petition with prejudice, we find that the judgment contains the necessary decretal language disposing of Mr. Brindi-si’s claims, and we maintain the appeal.
THE APPEAL
Mr. Brindisi asserts that the trial court erred in finding that, even though he had earned 25 years of service as an assistant district attorney and an assistant attorney general and had reached age 55 as re *1013 quired under La. R.S. 11:1633 in order to qualify for retirement, La. R.S. 11:142(D) or (E) rendered some portion of those years as “uncreditable,” and he was not qualified to receive his retirement benefits from LADARS.
THE STANDARD OF REVIEW
The facts of this case are not in dispute. • The trial court’s determination that Mr. Brindisi was not eligible to receive a LADARS retirement benefit as he did not have the requisite creditable years of service' to fulfill the mandatory requirements of both LA. R.S. 11:1633 and La. R.S. 11:142(D) and (E) is a legal determination. In a case involving no dispute regarding material facts, but only the determination of a legal issue, a reviewing court must apply the de novo standard of review, under which the trial court’s legal conclusions are not entitled to deference. Toomy v. Louisiana State Employees’ Retirement System, 2010-1072 (La.App. 1 Cir. 3/25/11) 63 So.3d 198, 201-202, writ denied, 2011-1118 (La.10/2/11), 73 So.3d 383, citing Kevin Associates, L.L.C. v. Crawford, 2003-0211 (La.1/30/04), 865 So.2d 34, 43.
THE LAW AND ANALYSIS
It is presumed that the legislature enacts each statute with deliberation and with full knowledge of all existing laws on the same subject. Thus, legislative language will be interpreted on the assumption that the legislature was aware of existing statutes, rules of construction, and judicial decisions interpreting those | .^statutes. It is further presumed that the legislature intends to achieve a consistent body of law. Toomy, 63 So.3d at 202; citing State v. Campbell, 2003-3035 (La.7/6/04), 877 So.2d 112, 117.
Louisiana Revised Statutes Title 11, Subtitle III, Chapter 3 provides for the District Attorneys’ Retirement System. Louisiana Revised Statute 11:1633 provides in pertinent part:
§ 1633. Retirement eligibility; benefits at three and one-half percent
A. Eligibility.
(1) Normal Retirement Eligibility.
Any member retiring under the provisions of this Section who withdraws from service shall be eligible to retire provided that the member has:
(a) Attained age sixty and completed at least ten years of creditable service.
(b) Attained age fifty-five and completed at least twenty-four years of creditable service.
(c) Completed at least thirty years of creditable service, regardless of age.
Mr. Brindisi maintains that he has fulfilled the requirements for drawing a retirement from LADARS because he is 55 years old and has at least twenty-four years of creditable service. However, his twenty-four years of service are reached by combining his LADARS and LASERS years of service, pursuant to a reciprocal recognition of service agreement. Thus, the issue is whether Mr. Brindisi is eligible to draw his .retirement benefits, pursuant to the reciprocal recognition of service agreement, while he is participating in LASERS DROR
Louisiana Revised Statute 11:142 provides for reciprocal recognition of service credit, in pertinent part as follows:
§ 142. Reciprocal recognition of credited service in state, parochial, and municipal systems
A. A member of any state, municipal, or parochial retirement system with membership service credit in any other state, municipal, or parochial retirement system, or an eligible survivor of a member, shall | shave the option of combining all service for which the member has *1014 credit in every such retirement system in order that eligibility for regular retirement, disability retirement, and survivor’s benefits may be acquired, subject to the limitations of this Section; however, such other credited service shall not be recognized until and unless the member has earned at least six months service credit in the member’s current system.
[[Image here]]
D. Eligibility for disability or regular retirement, or for survivor’s benefits, shall require the member to meet the highest age and years of service requirements of each system in which he has membership service credit; however, service in any one system sufficient to meet the eligibility requirements of that system shall qualify the member for benefits from that system, but, for the purposes of benefits under this Section, no member shall be eligible to receive benefits from any system so long as he is contributing to another system.
E. The retirement system in which a member covered by this Section is currently active or in .which the member had last actively contributed shall be responsible for coordinating with other retirement systéms in which credit is held by promptly notifying each such system when a covered member ceases to be an active member due to resignation, or by death in service, or by application for service or disability retirement or when an inactive member becomes eligible for benefits by reasqn of attainment of age.
(Emphasis added.)
While La. R.S. 11:142 addresses the concept of reciprocal recognition of service credit and permits the combining of service, the ability to combine service (for eligibility of retirement) is not without limitation. Louisiana Revised Statute 11:142(A) provides that the combination of service credit is “subject to the limitations of this Section.” Pursuant to La. R.S. 11:142(E), the initial obligation is on the retirement system in which the member last actively contributed, in this case LASERS, to notify the other system to which the member belonged, in this case LA-DARS, when the member “ceases to be an active member due to resignation, or by death in service, or by application for service or disability retirement or when an inactive member becomes eligible for benefits by reason of attainment of age.”
LASERS submitted the affidavit of Cindy Taylor, Director of the Member Service Division for LASERS. Ms. Taylor attested that Mr. Brindisi: had 10.3 |7years of service credit in LASERS; had been a member of LASERS DROP since February 15, 2013: and that pursuant to La. R.S. 11:142(E), Mr. Brindisi had not ceased to • be an active member due to resignation, death in service, or by application for service or disability retirement. Further, Ms. Taylor attested that Mr. Brindisi was not an inactive member of LASERS.
Louisiana Revised Statute 11:447 provides in pertinent part:
§ 447. Deferred Retirement Option Plan
A. In lieu of terminating employment and accepting a retirement allowance, any member of this system who is eligible for regular retirement may elect to participate in the Deferred Retirement Option Plan subject to the provisions of R.S. 11:447 through 454.
(Emphasis added)
Thus, Mr. Brindisi, as a member of LASERS, elected on February 15, 2013 to participate in DROP in lieu of terminating his employment and accepting a retirement allowance. Louisiana Revised Stat *1015 ute 11:447 clearly shows only two options: one, to terminate employment and accept a retirement allowance, or two, to elect to participate in DROP subject to the provisions of La. R.S. 11:447 through 454. Mr. Brindisi made his decision to defer his retirement allowance when he elected to participate in the LASERS Deferred Retirement Option Plan.
Further, Louisiana Revised Statute 11:448 provides in pertinent part:
§ 448. Plan participation
A. Upon the effective date of commencement of participation in the plan and during the period of participation in the plan, neither the employee nor the employer contributions shall be payable, and the participant in the plan shall be considered as a Deferred Retirement Option Plan participant, and except as provided in R.S. 11:447 through 454, the Deferred Retirement Option Plan participant shall be treated as a member of the system.
(Emphasis added.)
Louisiana Revised Statute 11:448 clearly provides that a DROP participant is still treated as a member of LASERS (the system).
|sThus, after a de novo review, we find that Mr. Brindisi is not eligible to draw his retirement benefits from LADARS while he is participating in the LASERS DROP program, as he chose to enter the DROP program in lieu of terminating his employment and accepting a retirement allowance, pursuant to La. R.S. 11:447.
For the foregoing reasons, the trial court judgment, dated April 30, 2014, and amended and supplemented on October 22, 2014, is affirmed. Costs are assessed against Frank A. Brindisi.
APPEAL MAINTAINED; JUDGMENT AFFIRMED.

. Although the exception of no cause of action was set for hearing, shortly before the hearing the Board of Trustees requested that the hearing be passed, and the exception was apparently never ruled on.