STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 0790

MICHAEL G. SIGUR

VERSUS

THE MUNICIPAL EMPLOYEES' RETIREMENT SYSTEM
OF LOUISIANA

Judgment Rendered: **MAR 0 4 2022**

* * * * *

On Appeal from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
Trial Court No. 693,357

The Honorable Michael E. Kirby, Judge *Pro Tempore* Presiding

* * * * *

| | |
|---|---|
| Keith R. Credo<br>Metairie, Louisiana | Attorney for Plaintiff-Appellant,<br>Michael G. Sigur |
| Larry M. Roedel<br>J. Kenton Parsons<br>David B. Phelps<br>Bradley C. Guin<br>Baton Rouge, Louisiana | Attorneys for Defendant-Appellee,<br>Municipal Employees' Retirement<br>System of Louisiana |

* * * * *

BEFORE: McDONALD, LANIER, AND WOLFE, JJ.

**WOLFE, J.**

Plaintiff, Michael G. Sigur, appeals a summary judgment rendered in favor of defendant, the Municipal Employees' Retirement System of Louisiana ("MERS"), and the denial of his cross-motion for summary judgment. For the following reasons, we reverse and render judgment in favor of plaintiff.

## BACKGROUND

The parties jointly stipulated to the relevant facts concerning this matter. Mr. Sigur was a full-time municipal employee of the City of Kenner and a contributing member of MERS. Upon his retirement in January 2014, MERS paid Mr. Sigur normal monthly retirement benefits. In April 2014, Mr. Sigur was elected to the Kenner City Council, serving as a part-time councilman beginning July 1, 2014. He was re-elected in April 2018 and will be term-limited from any further re-election to that particular public servant position at the end of his second term in June 2022. As a part-time and term-limited elected official, Mr. Sigur is not eligible to be a member of MERS while serving as a council member.[1] Nevertheless, it is uncontested that as a retiree during the time-period of July 2014 through September 2018, Mr. Sigur received $44,629.45 in retirement benefits from MERS, which MERS now claims was an overpayment. MERS began to recoup the alleged overpayment by offsetting Mr. Sigur's monthly retirement benefits. To date, a total of $14,000.00 has been offset; however, MERS has suspended the offset pending the outcome of this litigation.

---

[1] Louisiana Revised Statutes 11:164, which was effective on June 30, 2011, before Mr. Sigur's election, prohibits part-time elected public servants from participating in or receiving credit for service in any public retirement system such as MERS. Accord La. Const. Art. 10, § 29.1(A). Louisiana Revised Statutes 11:1751.1, which was effective July 1, 2003, also before Mr. Sigur's election, prohibits a term-limited elected official from being eligible to be a member of any statewide public retirement system such as MERS, when such term limits prevent him from earning the minimum number of years of creditable service necessary to receive a benefit.

On January 29, 2020, Mr. Sigur filed a petition against MERS, seeking a declaratory judgment that MERS had arbitrarily miscalculated an offset of his retirement benefits contrary to law, such that he is entitled to the return of his "seized" retirement benefits. In its answer, MERS contended that as a public entity in control of public funds, it has a duty to accurately calculate and adjust a retired member's retirement benefits when a retiree is re-employed with a municipal entity. Mr. Sigur and MERS filed cross-motions for summary judgment regarding the interpretation of the statutes governing the calculation of Mr. Sigur's retirement benefits during his public service as a city councilman. After conducting a hearing and taking the matter under advisement, the trial court granted MERS's motion for summary judgment and denied Mr. Sigur's motion for summary judgment, signing a judgment with incorporated written reasons on January 19, 2021. Mr. Sigur suspensively appealed, primarily arguing that the trial court erroneously interpreted the statutes affecting his monthly retirement benefits, failed to rule on numerous constitutional issues, and failed to award attorney fees to him.

## STANDARD OF REVIEW

Appellate courts review summary judgments *de novo*. **Vine v. Teachers Retirement System of Louisiana**, 2019-0106 (La. App. 1st Cir. 12/19/19), 292 So.3d 116, 121. Mr. Sigur essentially argues that the trial court erred in interpreting the relevant statutory provisions as they apply to his retirement benefits. The interpretation of a statute is a question of law that may be decided by summary judgment. **Louisiana Workers' Compensation Corp. v. Landry**, 2011-1973 (La. App. 1st Cir. 5/2/12), 92 So.3d 1018, 1021, writ denied, 2012-1179 (La. 9/14/12), 99 So.3d 34. When addressing legal issues, an appellate court gives no special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law *de novo*, after which it renders judgment on the record. **Id**. Additionally, courts should avoid constitutional rulings when the case can be

3

disposed of on non-constitutional grounds, such as statutory interpretation. See **Burmaster v. Plaquemines Parish Government**, 2007-2432 (La. 5/21/08), 982 So.2d 795, 802. Therefore, if this case can be decided on the basis of a statutory interpretation argument, this court should do so and pretermit any constitutional ruling. **Id**. at 802-803.

## MOTION TO STRIKE

At the hearing before this court, counsel for MERS made an oral motion to strike Mr. Sigur's reply brief. MERS asserted that Mr. Sigur raised issues regarding the correct version of the applicable statutes, as well as constitutional arguments, that he had not previously raised and had not been considered at the trial court level. We referred the motion to the merits and gave MERS and Mr. Sigur each a separate deadline for filing additional briefs with this court. MERS asserts that because Mr. Sigur did not raise the applicable dates and versions of the statutes in the court below, this court is barred from considering statutes not cited to the trial court.

Louisiana Uniform Rules – Courts of Appeal, Rule 1-3 provides that an appellate court "will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, *unless the interest of justice clearly requires otherwise.*" (Emphasis added.) Furthermore, La. Code Civ. P. art. 2164 gives an appellate court the authority to "render any judgment which is just, *legal*, and proper upon the record on appeal." (Emphasis added.) See Official Revision Comments – 1960, Comment (a) ("The purpose of this article is to give the appellate court complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed on by the court below.")

Throughout this litigation, Mr. Sigur has consistently challenged the appropriate version of the applicable statutes and has maintained all along that the appropriate date to consider the applicable statute is the date of his retirement, not

4

the date that MERS adjusted his retirement benefits. We find that these issues are proper for our consideration even though Mr. Sigur did not specifically mention a particular statute, La. R.S. 11:1738, until filing his reply brief in this court. See **Wheeler v. Louisiana Peace Officer Standards and Training Council**, 2017-1335 (La. App. 1st Cir. 6/3/20), 305 So.3d 387, 393 n.10. Courts must give effect to all parts of a statute and have a duty to review the law in its entirety, as well as all other laws on the same subject matter. **Toomy v. La. St. Empl. Ret. Sys.**, 2010-1072 (La. App. 1st Cir. 3/25/11), 63 So.3d 198, 202, writ denied, 2011-1118 (La. 10/21/11), 73 So.3d 383. For these reasons, we deny MERS's motion to strike.

## LAW AND ANALYSIS

MERS was established in 1955. The statutes applicable to MERS were re-designated by 1991 La. Act 74, § 3, effective June 25, 1991, and are primarily found in the general provisions of Louisiana Revised Statutes Chapter 4, Title 11. See La. R.S. 11:1732(30). Amendments to this Chapter are applicable "only to persons who, on or after the effective date [of the amendment], are in service as participating members, unless the amendatory act specifies otherwise." La. R.S. 11:1738.

An "employee" as used in this Chapter means "a person including an elected official, actively employed by a participating employer on a permanent, regularly scheduled basis of at least an average of thirty-five hours per week [full-time employment]". See La. R.S. 11:1732(13) (2014 version). A participating employer includes any incorporated city in the state of Louisiana. La. R.S. 11:1732(14)(a)(i). Any member of a city council is "deemed to be [a] part-time public [servant] who . . . shall not participate in, or receive credit for service in, any public retirement system." La. R.S. 11:164(A)(2). Furthermore, an elected official who is subject to term limits that prevent him from earning the minimum number of years of creditable service necessary to receive a benefit, "shall not be eligible to be a member of the system. No employee or employer contributions shall be made by such an elected

official or his employer." La. R.S. 11:1751.1(A). An employee shall cease to be a member when he "withdraws from active service with a retirement allowance[.]" See La. R.S. 11:1754(2).

With those basic parameters outlined, we will interpret the revised statutes that specifically pertain to Mr. Sigur's retirement. Interpretation of any statute begins with the language of the statute itself. **Vine**, 292 So.3d at 122. Laws on the same subject matter must be interpreted in reference to each other. La. Civ. Code art. 13. All laws pertaining to the same subject matter must be interpreted *in pari materia*. **Vine**, 292 So.3d at 122. When a statute is clear and unambiguous and its application does not lead to absurd consequences, the provision is applied as written with no further interpretation made in search of the Legislature's intent. La. Civ. Code art. 9; La. R.S. 1:4. The words of a law must be given their generally prevailing meaning. La. Civ. Code art. 11. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. La. Civ. Code art. 12. In the event the language of a statute is susceptible of different meanings, the interpretation must best conform to the purpose of the law. La. Civ. Code art. 10. Further, courts are required to give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous or meaningless. **Landry**, 92 So.3d at 1023. Rendering the whole or a part of a law meaningless is the last option available to a court when it interprets a law. **Id.**

Mr. Sigur is a retired member of MERS as of January 2014, when he began receiving his normal retirement benefits. MERS recalculated his benefit in September 2018 to account for Mr. Sigur's re-employment as a paid city councilman serving the City of Kenner starting in July 2014 after his election in April 2014. An elected city councilman is a part-time, term-limited public servant position that does not meet the statutory definition of "employee." See La. R.S. 11:1732(13) (2014

6

version). It is undisputed that from the time of Mr. Sigur's election to the city council in April 2014 until October 2018 when MERS discovered that he was re-employed, Mr. Sigur received $44,629.45 in benefits from MERS. It is also undisputed that to date, MERS has offset a total of $14,000.00 of the alleged overpayment of retirement benefits to Mr. Sigur. MERS contends that pursuant to La. R.S. 11:1762(A)(2), it has an affirmative duty to correct any overpayment of Mr. Sigur's retirement benefits due to his re-employment. Conversely, Mr. Sigur argues that his re-employment did not affect his benefits, because he was not a contributing member of MERS during the time period in question (July 1, 2014 through September 30, 2018).

The statutory authority relied on by MERS, found in La. R.S. 11:1762, has been amended several times since it was re-enacted with an effective date of October 1, 1992. At the time of Mr. Sigur's retirement and re-employment in 2014, the provision stated:

> § 1762. Reemployment of retirees
>
> A. Whenever a retired member receiving normal retirement benefits becomes reemployed by an employer such that his monthly earnings are equal to or less than the difference between his monthly average final compensation and his monthly retirement benefit, his retirement benefits shall continue and **he shall not be a member** of the system.
>
> B. Whenever a retired member receiving normal retirement benefits becomes reemployed by an employer such that his monthly earnings exceed the difference between his monthly average final compensation and his monthly retirement benefit, his retirement benefits shall be reduced by the amount his monthly earnings exceed the difference between his monthly average final compensation and his monthly retirement benefit for every month of such employment and **he shall not be a member** of the system.

(Emphasis added.)

In 2016, the provision was amended by 2016 La. Act 649, § 1, effective June 17, 2016, to re-number the pertinent paragraphs from "A" and "B" to "(A)(1) and (2)" and change the term "retired member" to "retiree." The new paragraph "B" of

7

the Act was only applicable to retirees first re-employed on or after July 1, 2016. In 2017, the provision was amended again and re-enacted by 2017 La. Act 314, § 1, effective June 30, 2017, to change the heading of La. R.S. 11:1762 to "Part-time reemployment of retirees" and to insert "but he does not meet the definition of an employee" to the description of a retiree at the beginning of each paragraph. In other words, if the retiree was only re-employed for part-time work, he would not meet the definition of an employee, but MERS would still be compelled to reduce his monthly retirement benefits by any amount that his monthly earnings from the re-employment exceeded the difference between his monthly average final compensation and his monthly retirement benefit. Finally, the provision was amended and re-enacted again by 2019 La. Act 416, § 1, effective June 20, 2019, by adding a sentence at the end of paragraph (A)(2), stating, "The calculation of monthly earnings **shall not include** income attributable to **service as a part-time elected official** listed in [La. R.S. 11:164]." (Emphasis added.)

MERS applied the 2017 version of La. R.S. 11:1762, finding that Mr. Sigur's monthly earnings as a city councilman from July 2014 through the end of September 2018, exceeded the earnings limits as set forth in the statute by $44,629.45 and, consequently, MERS was required to adjust the retirement benefit amount. Mr. Sigur first argues that MERS used the wrong version of La. R.S. 11:1762, because the relevant date was the date of his retirement in January 2014, not the date that MERS discovered he was re-employed. Mr. Sigur further maintains that because each version of the statute provides that re-employed retirees in his situation "shall not be a member" of MERS, then his compensation from his re-employment cannot be included in his earnings.

The statutory definition of "earnings" in La. R.S. 11:1732 (12)(a) is "the full amount of compensation earned by a **member** for service rendered as an employee." Additionally, Mr. Sigur points out that the statutory scheme does not allow eligibility

8

as a "member" to a part-time, term-limited city council member. See La. R.S. 11:164(A)(2) and La. R.S. 11:1751.1(A). Finally, in his reply brief to this court, Mr. Sigur urges us to consider La. R.S. 11:1738, which prohibits application of statutory amendments to any persons who are not participating "members" on or after the effective date of the particular amendment.

We agree with Mr. Sigur that MERS applied the wrong version of La. R.S. 11:1762. The proper version was the one in effect at the time Mr. Sigur was elected and became re-employed as a part-time city councilman in 2014. In this case, there is no need to analyze whether the 2019 amendment to § 1762 applies retroactively. Moreover, our interpretation of the pertinent version of the statute, along with all of the laws on the same subject matter concerning "re-employment," "members," and "earnings," leads us to conclude that Mr. Sigur's public service as a part-time, term-limited, elected city councilman did not require MERS to adjust his normal retirement benefits. Actually, we find this to be true under any version of the statute, because when applying the pertinent statutes *in pari materia*, Mr. Sigur did not receive qualified monthly "earnings" as an elected official that exceeded his monthly retirement benefits. The parties stipulated that "a term-limited elected official is 'not eligible to be a member of the system[,]'" which is a correct statement per all of the pertinent definitions and versions. If Mr. Sigur is no longer eligible to be a member, it follows that he could not have qualified earnings that affect MERS' calculation of his monthly retirement benefits.

In conclusion, we find that the trial court incorrectly interpreted La. R.S. 11:1762 in favor of MERS, determining that MERS was entitled to recoup an overpayment of $44,629.45 from Mr. Sigur. There was no overpayment of retirement benefits in this case. As a part-time, term-limited elected official who was not eligible for MERS membership, Mr. Sigur's compensation as a councilman does not constitute earnings and has no effect on his continued receipt of retirement

9

benefits. Since MERS did not overpay retirement benefits to Mr. Sigur, MERS had no authority to recoup previously paid benefits. Thus, we reverse the trial court's grant of summary judgment in favor of MERS and reverse the trial court's denial of Mr. Sigur's motion for summary judgment. Additionally, we hereby grant summary judgment in favor of Mr. Sigur and order MERS to reimburse Mr. Sigur the offset amount of $14,000.00 that has been withheld from Mr. Sigur's regular monthly retirement benefits to date. See La. Code Civ. P. art. 2164 ([A]ppellate courts may "render any judgment which is just, legal, and proper upon the record on appeal.") See also **Waterworks Dist. No. 1 of DeSoto Parish v. Louisiana Dept. of Pub. Safety & Corrections**, 2016-0744 (La. App. 1st Cir. 2/17/17, 214 So.3d 1, 3 n.1, writ denied, 2017-0470 (La. 5/12/17), 219 So.3d 1103 (Where there are cross-motions for summary judgment raising the same issues, this court may review the denial of a summary judgment in addressing the appeal of the granting of the cross-motion for summary judgment.)

As requested, we find that Mr. Sigur is entitled to the full amount of any and all sums offset by MERS, together with legal interest from the date each monthly offset was withheld until the date it is paid. See La. Civ. Code art. 2000 (Damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate of legal interest as fixed by La. R.S. 9:3500.) See also La. Code Civ. P. art. 1921 (The court shall award interest in the judgment as prayed for or as provided by law.) Mr. Sigur specifically requested legal interest in his original petition; thus, he is entitled to an award of interest. **Ballex v. Municipal Police Employees' Retirement System**, 2016-0905 (La. App. 1st Cir. 4/18/17), 218 So.3d 1076, 1088, writ denied, 2017-00822 (La. 9/22/17), 228 So.3d 743.

We deny, however, Mr. Sigur's request for attorney fees. Under Louisiana law, attorney fees are not permitted except where authorized by statute or by contract. **Dipaola v. Municipal Police Employees' Retirement System**, 2014-

0037 (La. App. 1st Cir. 9/25/14), 155 So.3d 49, 52, <u>writ denied</u>, 2014-2575 (La. 2/27/15), 159 So.3d 1071. Mr. Sigur contends that he is entitled to an award of attorney fees pursuant to La. R.S. 11:264.7(A)(3) and (C) (If a person who can demonstrate a personal interest in the retirement system brings an enforcement proceeding such as a declaratory judgment and prevails, he shall be awarded reasonable attorney fees and other costs of litigation.) Louisiana Revised Statutes 11:264.7 does not apply in this situation, because it is contained within the subpart of the provisions that specifically address the governing of fiduciary responsibilities and investments of those who exercise discretionary authority or control with respect to the asset management of public retirement systems. **Dipaola**, 155 So.3d at 52-53. In order for La. R.S. 11:264.7 to authorize an attorney fees award in this case, it must be shown that Mr. Sigur brought a civil action to enforce the provisions of the referenced subpart. Mr. Sigur's petition seeks a declaration that he is entitled to reimbursement because MERS arbitrarily miscalculated an offset of his retirement benefits contrary to law. There is no allegation that MERS, or any individual associated with MERS, breached any fiduciary duty related to the investment or management of MERS's funds and/or assets. Therefore, Mr. Sigur's claim for attorney fees is without merit.[2]

## CONCLUSION

For the stated reasons, the January 19, 2021 judgment of the trial court is reversed. We hereby grant summary judgment in favor of plaintiff-appellant, Michael G. Sigur, and against defendant-appellee, the Municipal Employees' Retirement System of Louisiana. We further order the Municipal Employees'

---

[2] Mr. Sigur also requested additional attorney fees for having to respond to MERS's "frivolous" motion to strike. We decline this request as it is not apparent that MERS's motion to strike was taken solely for the purpose of delay or that MERS's counsel did not sincerely believe in the view of the law advocated. See **Cordon v. Parish Glass of St. Tammany, Inc.**, 2014-0457 (La. App. 1st Cir. 12/23/14), 168 So.3d 633, 640.

11

Retirement System of Louisiana to reimburse Michael G. Sigur the $14,000.00 offset amount withheld from his regular monthly retirement benefits to date, together with legal interest from the date each monthly offset was withheld until the date it is paid. Additionally, costs of this appeal in the amount of $1,490.00 are assessed against defendant/appellee, the Municipal Employees' Retirement System of Louisiana.

**MOTION TO STRIKE DENIED; JANUARY 19, 2021 JUDGMENT REVERSED; AND SUMMARY JUDGMENT RENDERED IN FAVOR OF PLAINTIFF.**