CRAIN, J.
|2In this declaratory judgment proceeding, Joseph W. Fontenot, a retired state employee, seeks a judgment ordering the Louisiana State Employees’ Retirement System (LASERS or the “system”) to recalculate his retirement benefit. The question presented is whether to use a thirty-six month or sixty month compensation average to determine Fontenot’s retirement benefit. Both parties filed motions for summary judgment. The trial court granted summary judgment in favor of Fontenot, ordering LASERS to recalculate his retirement benefit using the thirty-six month average. We reverse and render summary judgment in favor of LASERS.
FACTS
The relevant facts have been established by a joint stipulation of the parties. Fon-tenot was first employed by the State of Louisiana beginning on December 6, 1973. On September 30,1983, he terminated that employment and obtained a refund of his contributions to the retirement system. In 2009, Fontenot returned to state employment and again became a member of LASERS. At that time, he repaid the refund plus interest. On July 1, 2013, Fontenot retired from service with the state.
Subject to certain exceptions not applicable in this case, a member of LASERS who retires after July 1, 1973, “shall receive a maximum retirement allowance equal to two and one-half percent of average compensation ... for every year of creditable service.” La. R.S. ll:444A(l)(a)(i) (emphasis added). In .calculating Fontenot’s retirement benefit, LASERS used Fontenot’s compensation for the sixty highest paid months of successive employment to determine his “average compensation” (see La. R.S. *165 11:403(S) (b)(i)), rather than thirty-six months, which is applicable to an employee whose “first employment making him 13eligible for membership in the system” is on or before June 30, 2006. See La. R.S. ll:403(5)(a)(i). Fontenot objected to.this calculation. The correctness of LASERS’ calculation depends upon whether the date of Fontenot’s “first employment making him eligible for membership in the system” is on. or before, or, after, June 30, 2006.
Fontenot sought a declaratory judgment directing LASERS to re-calculate his retirement benefit using the thirty-six month average. He then filed a motion for summary judgment asserting that the undisputed facts establish that his “first employment making him eligible for membership in the system” began in 1973, before June 30, 2006, not in 2009 when he returned to state service, and required the application of the thirty-six month .average. Fontenot acknowledged having received a refund of the contributions he made during his earlier employment from December 6, 1973, until September 30,1983, but asserted that by repaying that refund plus interest when he returned to state service after July .1, 2006, his date of first employment with the state was restored to December 6, 1973.
LASERS responded by filing a motion for summary judgment seeking a dismissal of the suit. According to LASERS, Fon-tenot’s average compensation should be determined using the sixty month average applicable, to any member whose “first employment making him eligible for membership in the system” began-on or after July 1, 2006. LASERS contended that the refund" to Fontenot in 1983 canceled “all rights in the system” associated with his prior employment, making Fontenot’s date of first employment in 2009, when he returned to state service. .
The trial court denied the motion for summary judgment filed by LASERS arid granted summaiy judgment in favor of Fontenot. A judgment was signed ordering LASERS to re-calculate Fontenot’s retirement'benefit. LASERS appeals Land, based on several assignments of error, seeks review of both the granting of Fon-tenot’s motion for summary judgment and the denial of its motion for summary judgment.[1]
DISCUSSION
A motion- for summary judgment shall be granted only if the pleadings, depositions, - answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment,- show that there is no genuine issue as to material fact, and that the mover is-entitled to judgment as a matter of law. .La. Code Civ, Pro. art. 966B(2). In determining whether summary judgment is appropriate,, appellate courts review evidence - de novo under the same criteria that -govern, the trial court’s determination of whether summary judgment is appropriate. In re Succession of Beard, 13-1717 (La.App. 1 Cir. 6/6/14), 147 So.3d 753, 759-60. The-interpretation of a statute is. a question of law that may be *166 decided by summary judgment. Louisiana Workers’ Compensation Corporation v. Landry, 11-1973 (La.App. 1 Cir. 5/2/12), 92 So.3d 1018, 1021, writ denied, 12-1179 (La.9/14/12), 99 So.3d 34.
The determinative issue in this appeal is the date of Fontenot’s “first employment making him eligible for membership in the system,” where a refund was obtained of retirement contributions made during an earlier employment that ended before June 30,2006, but was repaid with interest upon him returning to state employment after June 30,2Q06. ,
An employee who- returns to state service and repays a- prior refund of retirement benefits plus interest is restored his “creditable service.” La. R.S. |R11:537E. “Creditable service” is defined as “prior service plus membership service for which credit is allowable.” La. R.S. 11:403(9). The computation of service credits is provided for in Louisiana Revised Statute 11:421 and results in a number, i.e., years or a fraction of years. “Average compensation” for a member whose “first employment making him eligible for membership in the system” began on or after July 1, 2006, is defined, in -relevant part,- as “the average annual earned compensation of a state employee - for the sixty highest months of successive employment.” See La.- R.S. ll:403(5)(b)(i). For a member whose “first■employment making him eligible for membership in the system” began on or-before June 30, 2006, the “average compensation” used to determine his retirement benefit is calculated using the compensation for the thirty-six highest paid months of successive employment. See La. R.S. ll:403(5)(a)(i).
Our interpretation of the relevant statutory language is guided by well-established rules of statutory construction. Legislation is the solemn expression of the legislative will; thus, the interpretation of legislation is primarily the search for legislative intent. In re Succession of Boyter, 99-0761 (La.1/7/00), 756 So.2d 1122, 1128. The starting point for interpretation of any statute is the language of the statute itself, as the text of the law is the best evidence of legislative intent. See La. R.S. 24:177B(1); Rando v. Anco Insulations, Inc., 08-1163 (La.5/22/09), 16 So.3d 1065, 1075. When a law is clear and unambiguous and its application does - not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. Civ.Code art. 9; see also La. R.S. 1:4; In re Clegg, 10-0323 (La.7/6/10), 41So.3d 1141, 1154 (per cu-riam).
A member who withdraws from service may obtain a refund of his accumulated contributions to the system; however, the acceptance of the refund | (¡automatically cancels “all rights in the system,” forfeits all membership service credits for the period refunded, and terminates membership in the system. See La. R.S. 11:537A and C; La. R.S. 11:415. If the former member later returns to state employment, he is allowed to repay the refund, but the repayment only restores his “creditable service” previously forfeited. See La. R.S. 11:537D and E.
A plain reading of these statutes reflects that when an employee obtains a refund of contributions, “all rights” in the retirement system are canceled, all service is forfeited, and his membership in the system ceases. At that point in time, it is as if the employee was never a member of the retirement. system. The legislature did not have to allow such an employee, if he returned to state employment, to buy back any forfeited service by repaying the refund. Such an employee, unless allowed to buy back the forfeited service, would start with none. While the legislature *167 chose to allow such an employee to repay the prior refund, upon doing so it only allowed restoration of “creditable service,” that is, the number of years or fraction of years previously earned, nothing more. See La. R.S. 11:537E and 11:421.
Because the refund canceled all of the rights Fontenot accumulated in the retirement system prior to- September '30, 1983, his employment beginning ⅛ 2009 is his “first employment making him eligible for membership in the system.” In fact, that employment is the only employment making him eligible for membership in the system. While the repayment restored Fontenot’s “creditable service,” it did not restore any other prior eligibility rights in the system, including the right to have his “average compensation” determined based upon a thirty-six month average. If we concluded otherwise, Fontenot would be restored with more than his “creditable service.”
|7We are mindful that legislation establishing pension systems must be liberally construed in favor of the intended beneficiaries; however, we are not at liberty to disregard the plain language of the statutes. See Swift v. State, 342 So.2d 191, 196 (La.1977). The provisions before us are clear and unambiguous and, therefore, we must apply the law as written. See La. Civ. Code art. 9; La. R.S. 1:4; In re Clegg, 41 So.3d at 1154.
LASERS correctly used the sixty month average set forth in Louisiana Revised Statute ll:403(5)(b)(i) to determine Fonte-not’s “average compensation” for calculating his retirement benefit. Consequently, the trial court erred in granting the motion for summary judgment filed by Fontenot and in denying the motion for summary judgment filed on behalf of LASERS.
CONCLUSION
We reverse the summary judgment granted in favor of Fontenot and the denial of the motion for summary judgment filed on behalf- of LASERS. We render summary. ..judgment in favor of LASERS, dismissing with prejudice all claims filed by Fontenot. All costs of this appeal are assessed to Joseph W. Fontenot.
REVERSED AND RENDERED.
GUIDRY, J., dissents and assigns reasons
HIGGINBOTHAM, J., dissents for reason's assigned by J. GUIDRY.

. When an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him, in addition to the review of the final judgment. Dean v. Griffin Crane & Steel, Inc., 05-1226 (La.App. 1 Cir.' 5/5/06), 935 So.2d 186, 189, n. 3, writ denied, 06-1334 (La.9/22/06), 937 So.2d 387. A review of the denial of the cross motion for summary judgment filed by LASERS is appropriate because the issues involved are identical to those presented by the granting of Fon-tenot's motion for summary judgment. See Board of Supervisors of Louisiana State University v. Louisiana Agricultural Finance Authority, 07-0107 (La.App. 1 Cir. 2/8/08), 984 So.2d 72, 78, n. 1.